(120 App. Div. 756)

## In re HASTINGS.

(Supreme Court, Appellate Division, First Department. July 15, 1907.)

1. CORPORATIONS—BOOKS OF CORPORATION—RIGHT TO INSPECT.

The right to examine books of a corporation is purely a personal right, depending on the ownership of capital stock of the corporation.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, §§ 674, 678.]

2. SAME—PERSONS ENTITLED.

A petition for the inspection of the books and records of a corporation alleged that petitioner was temporary administrator of the estate of a decedent and also residuary legatee under her will, which was being contested; that decedent was at the time of her death a stockholder in the corporation, the affairs of which had been mismanaged and its real condition concealed from both decedent and petitioner; that such mismanagement still continued; and that the estate was being endangered thereby. *Held,* that petitioner was not entitled to an inspection of the books, since he was a stranger to the corporation, and whether he would ever be a member thereof depended on the proceedings for the contest of the will.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, §§ 674, 678.]

Laughlin and Scott, JJ., dissenting.

Appeal from Special Term, New York County.

Petition by George Gordon Hastings, as temporary administrator of the estate of Rosalie Tousey Hastings, deceased, for the inspection of the books and records of Frank Tousey, Publisher, a corporation. From an order granting a peremptory writ of mandamus for the inspection of such books and records, Sinclair Tousey and others, individually and as officers and directors of the corporation, appeal. Reversed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

James M. Hunt, for appellants.
Theron Davis, for respondent.

INGRAHAM, J. The right to examine books of a corporation is purely a personal right, depending upon the ownership of capital stock of the corporation. A stockholder, as the owner of stock, becomes a member of the corporation, and it is based upon this fact of ownership in the corporation that his right is recognized at common law to examine the books of the corporation and be informed as to its business. A mere custodian of stock, holding it merely for the purpose of pre-

serving it pending a litigation as to its ownership, does not become a member of the corporation, and as such is not entitled to maintain this proceeding. The petitioner is a stranger to the corporation, and whether he will ever be the owner of any stock or a member of the corporation depends upon the proceeding in the Surrogate's Court. I have great doubt about the good faith of the application, but it is not a proceeding necessary to preserve the interest of the deceased in the corporation, and I do not think the petitioner is in a position to institute it.

I think, therefore, the order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.

McLAUGHLIN and CLARKE, JJ., concur.

LAUGHLIN, J. (dissenting). The petition of the respondent shows, among other things, that he is temporary administrator of the estate of Rosalie Tousey Hastings, deceased, who died on the 28th day of December, 1906, leaving a last will and testament which has been duly propounded by him for probate; that the probate of the will was contested, whereupon, on the 19th day of March, 1907, he was duly appointed temporary administrator, and has duly qualified by taking the oath of office and executing a bond in the penalty of $300,000, and has entered upon the discharge of his duties, and is still acting as such temporary administrator; that the Frank Tousey, Publisher, was duly incorporated under the laws of the state of New York on the 9th day of June, 1905, with an authorized capital stock of 500 shares, of the par value of $100 each, to succeed to the copartnership business of publishing theretofore carried on by the deceased, Rosalie Tousey Hastings, and said Sinclair Tousey; that the business was theretofore owned by Frank Tousey, the former husband of said Rosalie Tousey Hastings, who was a brother of said Sinclair Tousey, and employed by him in the business; that said Frank Tousey willed the business to said Rosalie Tousey Hastings, who subsequently gave said Sinclair Tousey a one-half interest therein, and at the time of the formation of the corporation she and said Sinclair Tousey were equal owners; that 249 shares of the capital stock of the corporation were issued to each of them, and 1 share was issued to the appellant Warford, who assigned it to Sinclair Tousey, and 1 share was issued to appellant Howe, who assigned her share to said Rosalie Tousey Hastings immediately after the organization of the corporation; that thereafter said Rosalie Tousey Hastings continued to hold one-half of the capital stock of the corporation until her death; that by her will, which is pending probation, after directing the payment of her debts and funeral expenses and making certain specific legacies, she devised all of her residuary estate to the petitioner; that said Sinclair Tousey became president of the corporation, and the decedent vice president, and upon the formation of the corporation it was agreed that each should receive a salary of $30,000 a year; that down to the death of the decedent they continued to draw this salary, and in addition to this salary each of them drew during the first year of the corporate existence, from the profits of the business, over $10,000, but that the petitioner does not know whether or not this

embraced all of the profits; that upon the death of the decedent the appellant Frank Raynor Tousey, who is the son of Sinclair Tousey, was elected a director of the company without notice to the petitioner; that Sinclair Tousey, upon becoming president of the company, assumed entire charge of its affairs and management, and the only information the decedent had concerning the same was contained in monthly financial statements which he caused to be transmitted to her; that these financial statements were indefinite and incomplete, in that they did not give details of the items upon which the results stated were predicated, and a demand by the decedent for a more complete statement was refused; that after the petitioner was appointed temporary administrator he caused a certified copy of his letters to be served upon the corporation, and subsequently demanded of the corporation a financial statement, which was not complied with, but instead he was referred by the secretary to the attorney for the company; that he presented to the secretary of the company the certificate of stock standing in the name of said Howe, which had been duly assigned to decedent, and demanded that it be transferred to his name as administrator upon the books of the company, which request was refused; that he demanded that he be permitted to examine the books of account of the company, which was also refused; and that no statement of the business of the corporation has been issued to the decedent's estate, and the last one issued to her was in the month of November, 1906. The petitioner further shows, on information and belief, that there has been no official examination or audit of the books of the company since its organization, and no meeting of the stockholders, and no meeting of the board of directors, excepting that at which the son of Sinclair Tousey was elected a director; that two of the four directors are not stockholders; that more than $70,000 profits have been distributed by Sinclair Tousey without any declaration of dividends; that the salaries paid to the president and vice president have been paid without authority of the board of directors, and solely for the purpose of distributing profits without a formal declaration of dividends; that Sinclair Tousey has from time to time drawn large sums of money for his own personal use, without authority, and has neglected and mismanaged the affairs of the corporation; that an examination of the books of account of the corporation will show frauds and discrepancies; and that, unless such an examination be ordered, the estate will sustain a great loss. Many of the allegations of the petitioner are controverted; but it is not denied that petitioner has been denied the right to inspect the books and records other than the stock books. It thus appears that the examination is sought for a proper purpose, and that the representative of a one-half interest in the business is deprived of any knowledge concerning the affairs of the corporation and of an opportunity to inspect its books and records. In such circumstances, the court will afford relief by mandamus, and will command that a proper inspection of the books and records of the corporation be permitted. Matter of Steinway, 31 App. Div. 78, 52 N. Y. Supp. 343; affirmed 159 N. Y. 250, 53 N. E. 1103, 45 L. R. A. 461.

The appellants further contend that the temporary administrator is without authority to institute the proceeding. The decedent's shares of

the capital stock and interest in the corporation is personal property and, passes to the administrator or executor, and until the interest is sold by her personal representative he stands in her shoes, and has a right, not only to the possession of the capital stock, but to participate in the dividends and to vote on the stock, and, in brief, the same rights that she would have had, if living; for he becomes the legal owner, even without a transfer of the stock on the books of the company to his name. Matter of North Shore S. I. Ferry Co., 63 Barb. 556; Matter of Fitch, 160 N. Y. 87, 54 N. E. 701; Thompson's Commentaries on Law of Corporations, vol. 1, §§ 731, 743; Clark & Marshall on Corporations, vol. 3, p. 2002. The right and interest of the personal representative of a deceased stockholder of a corporation extends to and embraces the common-law right of the stockholder to an inspection of the books and records of the corporation. Matter of Fitch, supra. The personal representative holds the assets, including the capital stock, in trust for the benefit of the creditors and others interested in the estate. He owes to them a duty of vigilance in collecting and administering the assets. If the petitioner were the permanent administrator or the executor, instead of the temporary administrator, it would, therefore, seem clear that he would be entitled to this right of inspection, to enable him to properly perform his duties, and to protect him against liability to the creditors and others interested in the estate for neglect of duty; for if, with such knowledge as he possesses and presents to the court, a loss should be sustained by the estate through his failure to institute this proceeding, he might become personally liable therefor.

I am of opinion that the temporary administrator possesses the same right and authority in the premises as if he were the permanent administrator or executor. The principal distinction between the offices of temporary and permanent administrator is that the functions of the temporary administrator extend only to the collection and preservation of the assets, with authority to make distribution to a limited extent upon order of the court, while upon the permanent administrator devolves the further full duty of distribution. The necessity for the appointment of a temporary administrator is a contest or other delay in admitting a will to probate, whereby no one is left to represent the estate. Matter of the Estate of Peter Goetz (App. Div., 1st Dept., May, 1907), 104 N. Y. Supp. 832. The tenure of the temporary administrator is uncertain. In case the will is admitted to probate, his functions will end with the issuance of letters testamentary, and in case the will is rejected his functions will be terminated by the issuance of letters of administration. In the meantime, however, the temporary administrator is expressly authorized by section 2672 of the Code of Civil Procedure "to take into his possession personal property, to secure and preserve it, and to collect choses in action; and, for either of these purposes, he may maintain any action or special proceeding." The petition fairly shows that the purpose of the temporary administrator in desiring an inspection of the books and records of the corporation is to secure and preserve the personal property of the estate and to collect choses in action belonging to it. He therefore, in my

opinion, is proceeding within his strict legal rights in instituting this special proceeding.

The enactment of this section of the Code enlarged the powers of a temporary administrator and extended them beyond the authority theretofore possessed by a collector or temporary administrator. Jessup's Surrogate's Practice, vol. 1, p. 654. The temporary administrator, in bringing suit or instituting a special proceeding, determines upon his course of procedure without the advice or leave of the court. Delafield v. Parish, 4 Bradf. 24; Jessup's Surrogate's Practice, vol. 1, p. 658. It has been held that a temporary administrator may bring an action to foreclose a mortgage belonging to the estate (Czech v. Bean, 35 Misc. Rep. 730, 72 N. Y. Supp. 402), and that the court may permit him to continue the business of the decedent (Matter of Moriarity, 27 Misc. Rep. 169, 58 N. Y. Supp. 380). The power to secure and preserve the property and to collect choses in action confers, by implication, authority to do anything further that may be necessary to perfect the right to enforce the remedy. Jessup's Surrogate's Practice, vol. 1, p. 659. The temporary administrator may publish the usual notice which executors and permanent administrators are authorized to publish, requiring creditors to present their claims (Code Civ. Proc. § 2673), and after the lapse of a year, on his petition or on the petition of a creditor, the court may make an order permitting the distribution of the assets for the payment of debts, and in certain cases the surrogate may authorize him to pay legacies (Code Civ. Proc. § 2672). It is therefore manifest, I think, that with respect to ascertaining the assets of the estate and reducing them to possession, and resorting to actions or special proceedings necessary for that purpose, the Legislature intended to confer the same authority upon a temporary administrator as upon an executor or permanent administrator. See Matter of McGowan (Court of Appeals, 2d Div.) 124 N. Y. 526, 26 N. E. 1098

I am of opinion, however, that the order with respect to the hours of the day during which the inspection may be made is too broad. The order, as made, subjects the books and papers of the corporation to inspection during the entire business hours of the day for a period of three months. The order should be modified by changing the hours "from 9 a. m. to 6 p. m." to the hours of "from 2 p. m. to 6 p. m.," and, as thus modified, affirmed, with costs.

SCOTT, J., concurs.