[No. 5160.]
[No. 2759 C. A.]

THE BUTTERFLY-TERRIBLE GOLD MINING COMPANY ET AL. v. BRIND.

1. **Corporations—Transfer of Stock — Mandamus — Alternative Writ—Sufficiency.**

An alternative writ of mandamus, requiring a corporation to transfer certain stock to the petitioner, which fails to allege that he has complied with the by-laws of the company in reference to the transfer of stock, is subject to demurrer.—P. 31.

2. **Corporations—Corporate Books—Right to Inspect—Statutory Construction.**

Only stockholders and creditors and their personal representatives are entitled to inspect the corporate books required to be kept under Mills' Ann. Stats., § 508.—P. 31.

*Appeal from the District Court of Arapahoe County. Hon. Booth M. Malone, Judge.*

Mandamus by J. Fitz Brind against The Butterfly-Terrible Gold Mining Company and Calvin Bullock, as president, and Francis J. Hobbs, as secretary and treasurer, of said company. From a judgment making the alternative writ permanent, respondents appeal. *Reversed.*

Mr. EDWD. D. UPHAM, for appellants.

Mr. W. D. WRIGHT, for appellee.

CHIEF JUSTICE STEELE delivered the opinion of the court:

The alternative writ of mandamus issued by the district court of Arapahoe county required the defendants to forthwith allow the petitioner to examine, inspect, and make extracts from the books, accounts and papers of said corporation, and to forthwith issue and transfer one thousand shares of stock to and in the name of the petitioner upon the books of said company, and to issue new certificates to him therefor, upon petitioner's request and his surrender of his present certificate for cancellation and transfer.

To the alternative writ the defendants demurred upon the ground that it does not state facts sufficient to constitute a cause of action against the respondents, or either of them, and that the petitioner is not entitled to the relief sought to be obtained. The demurrer was overruled, the defendants were given five days in which to plead, and within the time the defendants elected to stand on the demurrer and thereupon judgment was entered that the alternative writ be made permanent, at the respondents' costs. From which judgment the respondents appealed to the court of appeals.

We shall consider but one assignment of error, that which relates to the overruling of the demurrer to the alternative writ of mandamus. The appellants contend that the transfer of stock of a corporation cannot be compelled by mandamus; that the holder of the stock has another remedy, and that he may recover damages for the inexcusable neglect or refusal of the company or its officers to transfer his stock upon the books of the company. We shall not undertake to determine whether mandamus does or does not lie to compel the transfer. The authorities are conflicting, and there are no authorities of this

state to guide us, and we prefer to base our decision upon another branch of the case which is conclusive of the plaintiff's rights on this appeal. Section 480, Mills' Ann. Stats., provides that the shares of stock "shall not be less than one dollar nor more than one hundred dollars each, and shall be deemed personal property and transferable as such in the manner provided by the by-laws." Although the complaint alleges that the plaintiff became the purchaser of certain shares of stock in the company, that he made a demand upon the company and its officers, at the office of the company, to transfer the stock and to issue other stock as he directed, no mention whatever is made by the writ concerning the by-laws of the company, nor is there any allegation that the plaintiff has complied with the by-laws of the company in reference to the transfer of stock. The plaintiff has therefore failed to make the essential averments showing that under the by-laws of the corporation he is entitled to the transfer of the stock mentioned.

Section 508, Mills' Ann. Stats., makes it the duty of the directors and trustees of corporations to keep certain books at the office of the company, open during usual business hours for the inspection of stockholders and creditors of the company and their personal representatives, and that such stockholder, creditor or representative shall have the right to make extracts from such books, etc. The statute further provides that no transfer of stock shall be valid for any purpose whatever, except to render the person to whom it shall be transferred liable for the debts of the company, unless it shall have been entered on the books of the company within sixty days from the date of such transfer, by an entry showing from and to whom transferred. From this it appears very clear that only stockholders and creditors and their personal representatives are en-

titled to such inspection.   What our ruling would be in a proceeding to compel an inspection, where it clearly appears that the assignee is entitled under the statute and the by-laws of the corporation to a transfer of stock and a record thereof on the books of the company, and that the officers willfully refuse to make such transfer and record, we cannot say.

In our opinion the demurrer to the writ should have been sustained, and for this reason the judgment of the district court is reversed.     *Reversed.*

Mr. JUSTICE CASWELL and Mr. JUSTICE MAXWELL concur.