### Murray, et al. v. Walker.

(Decided December 19, 1913).

Appeal from Jefferson Circuit Court
(Chancery Branch, First Division).

1. Banks—Stockholder in National Bank May Inspect List of Stockholders.—A bona fide stockholder in a National bank is entitled to inspect the list of stockholders under the statute and take such memoranda therefrom as he may wish without regard to his motive for making the inspection.

2. Banks—Inspection of List of Stockholders.—But one who is not a stockholder in good faith is not entitled to such inspection; and will not be aided by injunction to obtain it.

BURNETT, BATSON & CARY for appellants.

LEON P. LEWIS and BLAKEY, QUIN & LEWIS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Reversing.

Section 5210 Revised Statutes of the United States
being a part of the National Banking Act, provides:

"The president and cashier of every national bank-
ing association shall cause to be kept at all times a full
and correct list of the names and residences of all the
shareholders in the association, and the number of
shares held by each, in the office where its business is
transacted. Such a list shall be subject to the inspection
of all the shareholders and creditors of the association,
and the officers authorized to assess taxes under State
authority, during business hours of each day in which
business may be legally transacted. A copy of such
list, on the first Monday of July of each year, verified
by the oath of such president or cashier, shall be trans-
mitted to the Comptroller of the Currency."

Marvin P. Walker brought this action against the
American National Bank and Logan C. Murray, its
president, charging in substance that he was a stock-
holder in the bank and had demanded the right to inspect
the list of stockholders, and had been refused this right.
He prayed a mandatory injunction requiring the de-
fendants to permit him to inspect the list of stockhold-
ers. The bank by its answer denied that plaintiff was
a bona fide stockholder in the bank, or, in fact, held any
stock in the bank, or was the owner of any certificate of
stock. In another paragraph it pleaded that plaintiff's
purpose in demanding to inspect the list of stockholders
was either for purely speculative purposes or to black-
mail the defendants. The circuit court sustained a de-
murrer to the second paragraph of the answer and on
final hearing of the case awarded the plaintiff an in-
junction as prayed. The defendants appeal.

1. The court did not err in sustaining the demurrer
to the second paragraph of the answer. If the plaintiff
was in good faith a stockholder in the bank, he was en-
titled to inspect the list of stockholders under the stat-
ute, and his motive for wishing to inspect the list is
wholly immaterial. In Henry v. Babcock & Wilcox Co.,
196 N. Y., 302, the court construing a similar statute
said:

"No doubt the legislature could make the stockhold-
er's privilege of inspection dependent upon the motive
or purpose with which it is sought; but it has not seen

fit to do so. The language of the statute is plain and mandatory. It recognizes an absolute right in the stockholder and imposes an absolute duty upon the corporation and the custodian of the stock book. The law requires no statement or proof of any particular intent upon the part of the person demanding the inspection. He must be a stockholder and must prefer his request during business hours; that is all. If it appeared in good faith that the book was then in actual use for other corporate purposes, he could, of course, be required to wait a reasonable time until such use terminated; but no such matter of defense is suggested here. The plaintiff was refused any inspection at all in the absence of a disclosure of his purpose, and this action of the defendant has been sanctioned by the judgment of the Appellate Division. We think that judgment is based upon a mistaken construction of the statute in this respect. Nor was the refusal justified on the ground that the law confers upon the stockholder no express right to copy from the book. The right to inspect the book includes the right on the part of the stockholder to aid his memory by copying therefrom to the extent indicated in the agreed statement of facts in the present case. In Cotheal v. Brouwer, 5 N. Y., 562, it was held that the custodian of a register of stockholders which the stockholder had a statutory right to examine could not close the book because a stockholder desired to make a memorandum in the course of his examination in order to assist his recollection. "Unless the stockholder is permitted to take memoranda from the books," said Paige, J., "or copies of the names of the stockholders, the plain object of the statutory provision would be defeated."

A similar conclusion was reached in Venner v. Chicago City Railway Co., 246 Ill., 170; Cincinnati Volksblatt Co. v. Hoffmeister, 62 Ohio St., 189; White v. Manter, 109 Me., 408; Hubb Construction Co. v. New England Breeding Club, 74 N. H., 282; Weilhenmayer v. Bitner, 88 Md., 326; Johnson v Langdon, 35 Cal., 624; Ellsworth v. Dorwart, 95 Iowa, 108; Kimball v. Dern, 39 Utah, 181. See also 10 Cyc, 956. The case of Guthrie v. Harkness, 199 U.S., 148, is not in conflict with the above for in that case the right of inspection was not founded upon the statute. There the common law right was relied on.

2. The defendant offered to show by the plaintiff when he gave his deposition and by J. Stoddard Johnson, Jr., who was introduced as a witness for him, in substance that the plaintiff really owned no stock and was not in good faith a stockholder in the bank or really a stockholder at all. The witnesses upon the advice of counsel declined to answer the questions and the circuit court to whom the matter was referred sustained them in their refusal. The statute was intended for the protection of bona fide stockholders. If Walker is not in truth really a stockholder in the bank he has no right to demand under the statute an inspection of the list of stockholders. This would be to pervert the statute. If the facts are as the defendant offered to show by these witnesses, Walker has no real interest in the bank and is not a bona fide stockholder. The court should have required the witnesses to answer the questions referred to. All suits must be brought by the real parties in interest, and the chancellor will not lend his aid by injunction to a person who has no real interest in the matter.

We do not mean to determine now that Walker was not a stockholder or had no real interest in the bank; we only determine that if the questions asked had been answered as indicated this would be true. What are the real facts may be shown on the return of the case, and the chancellor will require Walker and Johnson to answer the questions indicated, and he will then allow either of the parties to take such further proof as they desire.

Judgment reversed and cause remanded for further proceedings consistent herewith.