Matter of the Petition of ETHEL B. WYGANT for an
Inspection of the books and Records of the Cor-
poration of BURDICK & SON.

(Supreme Court, Albany Special Term, November, 1917.)

Mandamus — when peremptory writ of, granted — corporations — right
of stockholder to inspect books.

The common law right of a stockholder to inspect the books
of his corporation in a proper way, at a proper time and place
and for a proper purpose, has not been affected by legislation,
and upon an application made in good faith the court in its
discretion, for good cause shown, may enforce the right by a
peremptory writ of mandamus.

Where upon the application of the one woman stockholder of
a domestic manufacturing corporation, owned and controlled by
the members of one family, who does not have the opportunity
or the permission or capacity to learn of the affairs of the
company to the same degree as all of the other stockholders,
it appears that she is entirely ignorant of the condition of
the business, that no dividend has ever been received by her
upon the shares of stock of which she is the owner and holder,
and that she has no way of obtaining knowledge of the value
thereof unless aided by legal process, she will be granted a
peremptory writ of mandamus commanding the officers and
directors of the corporation to exhibit to her and to her attorney
and to a certified public accountant all books of accounts,
records and papers of the corporation, with permission to fully
examine the same and to take extracts therefrom.

APPLICATION for a peremptory writ of mandamus.

Supreme Court, November, 1917.     [Vol. 101.

A. Page Smith, for petitioner.

Louis F. O'Neill, for Burdick & Son and Bainbridge W. Burdick, president and treasurer, respondents.

Rudd, J.   The petition of Ethel B. Wygant asks for an order directing a writ of peremptory mandamus directed to the corporation of Burdick & Son, Bainbridge W. Burdick, president and treasurer, and to its officers and directors, commanding them to exhibit to the petitioner and her attorneys and accountant, or other necessary assistant, all books of account, records and papers of the corporation covering the period from May 14, 1908, to date and permitting the petitioner and her assistants to fully examine the same and to take extracts therefrom.

The petitioner is a stockholder in the corporation of Burdick & Son and has been since the year 1909, holding 302 shares of its capital stock of the par value of $100 each.

The capital stock of the corporation consists of 2,000 shares.

The petitioner received, under the will of her father, who was formerly president of this corporation, 250 shares of the 302 shares of which she is now the owner and holder.

The number of shares held by each stockholder is as follows: Bainbridge W. Burdick, 1,010; Ralph V. Burdick, 500; R. Wallace McKee, 182; estate of Andrew W. Hahn, 6; petitioner, Ethel B. Wygant, 302.

The corporation of Burdick & Son has been engaged in the business of manufacturing certain metal specialties and articles since the year 1905.   The company has in its employ 350 or 400 hands.   The business of the company has been large for several years.

R. Wallace McKee is vice-president and manager of

the concern, and Bainbridge W. Burdick is the president and treasurer. They are the directors of the company and are its officers and have been since 1908. The petitioner has never been a director or officer of the corporation.

The petitioner, as one of the stockholders of the corporation, made, on March 30, 1917, a personal request and also a written demand of Bainbridge W. Burdick, president and treasurer of the company, for permission to examine, with the aid of an accountant and an attorney, the books of accounts, vouchers, records and stock books of the concern.

A written instrument, which is a part of the petition herein, was presented by A. Page Smith, attorney for the petitioner, to Bainbridge W. Burdick asking permission, on behalf of the petitioner, and for her accountant and attorney, to examine the books and records. This request was refused peremptorily. Bainbridge W. Burdick tore the written instrument, setting forth the request of the petitioner, into pieces and stated that he refused such request.

The petitioner avers that she is entirely ignorant of the condition of the business, that no dividend has ever been received by her upon the shares of stock of which she is the owner and holder, that she has no way of obtaining knowledge as to the value of the property represented by her holdings unless she is aided by the process of the court.

Petitioner is a sister of Bainbridge W. Burdick, and their father was the owner, at the time of his death May 14, 1908, of 750 shares of the capital stock of this corporation and was president thereof.

The petitioner avers that there has not been a meeting of the stockholders of the corporation since the death of her father, and that no statement has been rendered to or received by her showing the condition

of the business or the result of its operations, or any facts relating thereto.

The respondents deny the statement that there has been no meeting of the stockholders and excuse the failure to render a statement by saying that no request has ever been made for one.

The disparity of the allegations with reference to a meeting of the stockholders of the corporation may be explained, possibly, by the fact that certain of the stockholders may have met, of which the petitioner has not been advised, and that because of such meeting those who did thus meet may consider that there has been a meeting of the stockholders of the corporation.

The respondents aver that they will furnish at any time a statement to the petitioner covering the condition of the business. Such statement is not what the petitioner here seeks.

This application asks the court to grant a writ, under and by which there may be had such an examination of the books and records of this corporation as will enable this petitioner accurately to learn and to understand what is the condition of the corporation, as to its transactions, earnings and obligations, from which she will be enabled to form some idea as to what is the value of the shares by her owned, the par value of which is $30,200.

The court has power, without question, to refuse the issuance of a writ where the application is not made in good faith. *People ex rel. Hunter* v. *National Park Bank,* 122 App. Div. 640.

There appears in the application no lack of good faith, and therefore the question is whether the plaintiff is entitled to a peremptory writ upon the conceded facts.

The respondents seem to rely somewhat upon a willingness expressed upon the part of Bainbridge W.

Burdick, as appears from his affidavit herein, that he is willing to allow the petitioner personally to look at the books and that he is willing to furnish a statement to her.

As before stated, she does not here seek a statement. She seeks an opportunity which will enable her, with the aid of the court, to look at the books and examine them, and to draw therefrom statements and conclusions with the aid of some one competent to do the work necessary to be done, in order that she may learn what the real situation is.

It would avail little for the petitioner, assuming that she is intelligent, to look at the books of this corporation covering the period of its operations and transactions from 1908 to this time.

If she is to be given an opportunity to look at the books of the corporation, of which she is a large owner, she can only look at them intelligently through the eyes of one competent to examine books of account and similar records.

This application, therefore, contemplates an opportunity for her, with the aid of an accountant, and possibly a lawyer, to examine the books, which are the property of the corporation and not of these respondents, and in which books the petitioner has a proprietary interest jointly with the respondents. The entries in these books and records which should make up the history of the transactions of this corporation are of as much importance and interest to her as to the officers and directors of the corporation.

A domestic manufacturing company owned and controlled by the members of one family is not like a great corporation organized to transact public business which under the law is subject to visitation through public agencies and the reports of its operations are

set forth in detail in public records to which share-holders and others alike have access.

This is a domestic manufacturing concern. Its financial condition interests only its creditors and those who make up its shareholders.

The petition of the one woman stockholder, who does not have the opportunity or the permission or the capacity to learn of the affairs of the company to the same degree as all of the other shareholders have, appeals to the sound discretion of the court to be given at least one opportunity to learn something of the real condition of the affairs of the company of which she is an owner in part.

There seems to be very little question as to the rule of law here governing. This is not a statutory proceeding, it is a common-law right.

A peremptory writ for such an examination may only issue when the facts upon which the relator relies are undisputed.

The main facts upon which this petitioner relies are practically undisputed. *Matter of Hitchcock,* 157 App. Div. 328.

Upon this application we take the facts, so far as they are disputed, as disclosed by the affidavits on the part of the respondents. *People ex rel. Port Chester Savings Bank* v. *Cromwell,* 102 N. Y. 477.

A peremptory writ should only issue where the petitioner has established a clear right to a writ as a matter of law.

The court considers that the petitioner has complied with that rule.

The common law gives to a stockholder the right to inspect the books of his corporation in a proper way, at a proper time and place for a proper purpose.

This common-law right has not been affected by legislation, and this court has the power, in its sound

discretion, upon good cause shown, where the petitioner is acting in good faith, to enforce the right.

This right should not be, as has been well said, allowed for speculative purposes or out of curiosity, or to enable one stockholder to nag the company or the other stockholders or where its exercise would produce inconvenience.

In *Matter of Steinway,* 159 N. Y. 250, the law is established.

In the *Steinway* case the request, addressed by the petitioner to the officers and directors, was for permission to afford his accountant and attorneys access to the books of account, vouchers and records of the company covering four years, for the purpose of examining the same.

It certainly is, as has been well said, the right of every one to see that his property is well managed and to have access to the proper source of knowledge in this respect. *Matter of Steinway, supra,* 261.

The petitioner of right is entitled to inspect the books of this corporation. Such inspection should be had with due regard to all proprieties. It should not be conducted for the purpose of annoying the corporation or any of its officers. It should be expeditiously done by an intelligent and fair examiner, at such times and in such ways as will, if possible, meet with the approval of the officers of the corporation.

The examination should be made by a certified public accountant.

There should be in the examination no divulging of secret processes, if there are any, nor of lists of customers, nor of any other subjects or matters upon which the prosperity of the concern to a degree depends.

The method of conducting the examination and all details relating thereto, so far as the same can now

be fixed, should be provided for in the order. If the parties hereto cannot agree the court, upon notice, will settle the form of the order.

Ordered accordingly.