In the Matter of the Application of JULIA HANES HURLEY, Appellant, for a Mandamus Order against the NATIONAL BANK OF MIDDLETOWN, Respondent.

Second Department, October 29, 1937.

*Philip A. Rorty,* for the appellant.

*Russell Wiggins,* for the respondent.

DAVIS, J.   The petitioner is the owner of record of four shares of the corporate stock of the National Bank of Middletown.   On November 25, 1936, she applied to the president for permission to inspect the list of stockholders required by statute to be kept by the bank.   The request was refused.   Then this proceeding was instituted for a peremptory order of mandamus requiring the bank and its officers to grant such inspection.   The court denied such order, but granted an alternative order of mandamus.

The petitioner is aggrieved, having been denied a substantial right, and the order is appealable.   (Civ. Prac. Act, § 557, subd. 1; Id. § 631, subd. 1; *Matter of Haydorn* v. *Carroll*, 184 App. Div. 151; 10 Carmody, N. Y. Prac. § 780.)

It is claimed by the respondent that the petitioner is not acting in good faith for herself, but in the interests of others who wish to get a list of stockholders and their addresses so that they may " engage upon a campaign for the buying of the stock of said bank " and thereby obtain control thereof.

Section 5210 of the Revised Statutes of the United States (U. S. Code, tit. 12, § 62) provides, in part, as follows: " The president and cashier of every national banking association shall cause to be kept at all times a full and correct list of the names and residences of all the shareholders in the association, and the number of shares held by each, in the office where its business is transacted.   Such list shall be subject to the inspection of all the shareholders   *   *   * during business hours of each day in which business may be legally transacted."

The question presented is whether the right given by the statute is a plain legal one, absolute in character, or whether discretion may be exercised by the courts in refusing the relief sought if the motives of the petitioner are open to question.

Of course, Congress having acted in a field within its jurisdiction, the statutes of different States cannot limit any right so granted, nor may State courts restrict in any way the legal rights granted to persons by Congress.

It is obvious that it was the purpose of the statute to require officers of a bank to keep a list of the names and residences of the shareholders and that any shareholder was to be given the right to examine such list at any reasonable time during business hours. Whatever conditions there were that prompted this legislation, it is clear that the policy of Congress was that those in charge of the active management of the bank should not be permitted to keep the names and residences of shareholders secret from other shareholders.   If it was intended that, as a condition precedent to

such examination, the motives of the shareholders should be pure and beyond question, appropriate language might readily have been used to delimit such right of examination.

A somewhat similar statute in relation to the books of corporations was once enacted in this State. (Laws of 1890, chap. 564, § 29; Stock Corp. Law of 1909, § 32.) Later, in the revision of 1923, the section was changed to give some discretionary powers to the courts. (See Laws of 1923, chap. 787, § 10, as amd.; 2 Cook Corporations [8th ed.], § 518.)

There seem to be few authorities interpreting the Federal statute, no doubt for the reason that its language is clear and unmistakable in intent. (See *Murray* v. *Walker*, 156 Ky. 536; 160 S. W. 1061.) However, the subject is discussed in certain familiar legal works. The only requisites to the right of examination are that the plaintiff be a *bona fide* shareholder and that the application be made during business hours. The right is absolute and depends not at all upon motive. (See 7 Am. Juris., Banks, § 153; 7 C. J. p. 768; 7 R. C. L. p. 326.)

Analogous cases under a mandatory statute where the same doctrine is stated are *Henry* v. *Babcock & Wilcox Co.* (196 N. Y. 302); *People ex rel. Lorge* v. *Consol. Nat. Bank* (105 App. Div. 409); *People ex rel. Callanan* v. *Keeseville, etc., R. R. Co.* (106 id. 349). (See, also, *Matter of Steinway*, 159 N. Y. 250, 262–265.)

Ordinarily, a peremptory order of mandamus may be denied where the enforcement of a legal right would work unnecessary hardship (*Matter of Warehousemen's Association* v. *Cosgrove*, 241 N. Y. 580); but it may not be withheld arbitrarily in the face o established legal principles to nullify a vested legal right. (*Matter of Brennan* v. *Bd. of Education*, 245 N. Y. 8, 16; *Matter of Oystermen's Dock Co.* v. *Downing*, 258 id. 156, 161.)

Here the petitioner had a plain legal right to examine the list of stockholders. That right was absolute and did not depend upon the motive that animated her. Even if it were a matter of discretion there is no showing that her motive was improper. There was no vested right of the officers of the bank in their positions if a majority of the present stockholders or those who later became stockholders desire a different management. There was nothing unconscionable in an effort to purchase stock from those who, to a large extent, were practically involuntary contributors to the reorganization of the bank after rehabilitation.

The order, in so far as an appeal is taken therefrom, should be reversed on the law, with costs, and the motion for a peremptory mandamus order granted, with ten dollars costs.

HAGARTY, JOHNSTON, TAYLOR and CLOSE, JJ., concur.

On appeal from that part of an order which denies the petitioner's motion for a peremptory order of mandamus, order reversed on the law and not in the exercise of discretion, with costs, and motion granted, with ten dollars costs.