## STATE EX REL. MOORE v. VAN TASSELL REAL ESTATE & LIVE STOCK COMPANY, ET AL.

(No. 2037; May 25, 1938; 79. Pac. (2d) 476)

(Rehearing denied August 2, 1938)

90

· For the appellant, there was a brief and oral argument by *John C. Pickett* and *Carleton A. Lathrop,* both of Cheyenne.

For the respondents, there was a brief and oral argument by *J. A. Greenwood* of Cheyenne.

BLUME, Chief Justice.

The plaintiff in this case will be hereinafter referred to as the relator. He filed a petition in this case for a peremptory writ of mandamus to permit him and his authorized representatives to examine and inspect the books and records of the defendant corporation. He alleged that the defendant is a corporation organized under the laws of the State of Wyoming; that he is the owner of one hundred shares of the common stock of defendant corporation; that he desires access to the various records of the corporation for the purpose of determining the value of his stock, finding out whether or not any dividends have been paid by the corporation, enabling him to learn and legally assert his right as a

stockholder, and ascertaining the validity of certain transfers made by the defendant corporation; that certain transfers have recently been made to Maude B. Van Tassell; that these transfers were without consideration and in violation of the rights of relator; that on April 25, 1935, a demand was made upon the secretary of the defendant corporation for permission to inspect the books and records for the purposes above mentioned, but that such permission was refused. An alternative writ was issued, and in answer thereto the defendant corporation appeared and answered. It admitted its corporate existence, and that defendant Albert Cronland is the secretary thereof; it denied that the relator is the owner of any shares of common stock of the defendant company, and that any stock had been issued to him; it alleged that relator does not desire to examine the records and books of the defendant corporation for the purpose alleged, but solely and alone for the purpose of determining the question of his ownership of the stock, which said ownership has heretofore been denied, to the knowledge of the relator. A reply was filed in the case, denying the affirmative allegations of the answer. On December 4, 1935, Maude B. Van Tassell filed her petition for leave to intervene in the cause, alleging that relator is not the owner of any stock in the defendant corporation, but that she is the owner of the certificate claimed by him; that she is a necessary party to the determination of the question of ownership of the stock. At the same time, she filed her answer, more fully setting out the facts as to the ownership of the stock. On December 12, 1936, the court heard counsel as to the right to intervene. Counsel for relator apparently objected, and the court thereupon denied her the right to do so. The cause came on for trial between the relator and the defendants. Relator introduced in evidence Certificate No. 8 of the defendant corporation for one hundred shares of stock,

signed by the president and secretary of the company, and with the corporate seal thereto attached. It appears that this stock was issued on January 16, 1926; that at that time the corporation had a capital stock of one hundred thousand dollars, divided into one thousand shares of one hundred dollars each; that R. S. Van Tassell; deceased, was the president of the company and Claude R. Draper the secretary. R. S. Van Tassell held 998 shares of the stock; Claude Draper and another holding one share each, to qualify them to act as directors of the company. It seems that prior to the date of the issuance of the certificate of stock above mentioned there had been some talk of increasing the capital stock of the company. But that was never carried out. Claude Draper testified that R. S. Van Tassell instructed him to issue the certificate in question; that this was done; that Mr. Van Tassell requested him to hold it until, as he expressed it, "something happens to me," and then to send it to the relator, to be held by the latter for the benefit of a stepdaughter of the deceased; that he kept the certificate in his own private box. Relator testified that deceased told him of this arrangement. It does not appear clearly as to whether or not the certificate for 998 shares held by the deceased was cancelled and a new certificate for 888 shares issued. R. S. Van Tassell died on April 12, 1931, leaving a last will and testament which was dated September 27, 1922, bequeathing and devising all of his property to Maude B. Van Tassell. The will was duly admitted to probate, Maude B. Van Tassell was appointed executrix, and among other property 998 shares of the capital stock of the defendant corporation were included in the inventory, and the ownership thereof was in the final decree dated October 27, 1932, vested in her. The relator did not appear in the probate proceedings of the estate of the deceased, although he had knowledge of the pendency

thereof. The certificate of stock in question was by Mr. Draper, after some hesitancy on his part, sent to the relator in July, 1932.

The trial court found generally in favor of the defendant, found specifically that the certificate of stock claimed by relator is not owned by him, but is the property of Maude B. Van Tassell. Relator's petition was accordingly dismissed. From the judgment so entered the relator has appealed to this court.

If the relator in this case is the owner of the certificate of stock in question, it is by reason of the gift from R. S. Van Tassell, deceased, which was not to be delivered and was not in fact delivered to the relator until after the death of the deceased. The brief of counsel for relator is devoted exclusively to the point as to whether or not this gift was valid. However, the ultimate question in this case is as to whether or not relator is entitled to a writ of mandamus to inspect the books and records of the defendant corporation. One of the objections made herein by counsel for the defendant is that the action for mandamus is not the proper remedy herein, and that the writ prayed for was properly disallowed under the circumstances of this case. We think that our inquiry herein need not go further than this contention. We have attempted to make an exhaustive investigation of the authorities on this point, but find few, if any, directly in point, and we must rely for our decision mainly upon general rules and principles; but we shall in that connection consider as to whether or not logic and reason permits or impels the application thereof under the facts herein.

We have not been referred to any statute of this state which grants the relator an absolute right to inspect the books of the defendant, and that right, accordingly, depends upon the rules prevailing at

common law. Speaking of that right, Cook on Corporations, Section 514, states:

"The writ of mandamus, however, does issue herein as a matter of course. It is an extraordinary remedy, to be invoked only upon special occasions. The court does not grant the mandamus until is has taken into careful consideration all the facts and circumstances of the case. The condition and character of the books, the reasons for refusal by the corporation, the specific purpose of the stockholder in demanding inspection, the general reasonableness of the request, and the effect on the orderly transaction of the corporate business in case it is granted, are all considered in granting or refusing the writ. It is granted only in furtherance of essential justice."

Bearing this in mind, we are, in the further consideration of the case confronted with the general rule that "the title to property will not be tried in mandamus proceedings." That rule has, incidentally at least, been said to apply to the trial of title to corporate stock. In Lovell, Transfer of Stock, Section 234, quoted in Davidson v. Mines Co., 66 Or. 412, 134 Pac. 782, 48 L. R. A. N. S. 847, it is stated:

"There is very little authority on the subject, and that conflicting, but it is believed that the writ of mandamus will be confined to cases, if any there be, where neither action at law nor a bill in equity furnishes sufficient relief, *inasmuch as mandamus is an extraordinary remedy and affords no means whereby conflicting claims to stock can be adjusted and all the parties brought before the court.*"

Counsel for the defendant corporation asserts that the only and real question involved in this case is the question of title to the stock in controversy. We think that the assertion is clearly right, and it is difficult to see why the rule of law just mentioned should not be applied, at least in determining whether the court has abused its discretion in denying the writ of mandamus.

Almost from the start, the defendant corporation made it known to the relator that the only reason for refusing an inspection of the books and records was the fact that the title to the stock in question was disputed. Mrs. Van Tassell claimed and was awarded 998 shares of the 1000 shares of the capital stock of defendant corporation in the probate proceedings of the estate of R. S. Van Tassell, deceased, and that award had been made long before the demand for inspection in this case was made. The secretary of defendant was evidently aware of the facts. What was he to do other than he did when he was confronted with the demand of relator? He had no right to attempt to settle the dispute between the two claimants. If the relator is not the owner of the stock which he claims, the examination of the books and records of the defendant corporation would subserve no purpose whatever. It would be a useless waste of time, benefitting no one whatever in so far as the record discloses. The rule announced in a multitude of decisions is to the effect that the writ will not be granted where its issuance would be unavailing, nugatory or useless. 18 R. C. L. 138; 38 C. J. 614, 692; Davidson v. Mines Co., supra. Its issuance would merely have given the relator an opportunity of harrassing the corporation and the adverse claimant, and the writ will not be issued when that is true. Note 22 A. L. R. 28. If the trial court had granted the writ asked herein, it would in no way have been binding upon Mrs. Van Tassell, who was not a party to the action. And since the title to the stock is the only question in dispute, particularly under facts such as appear in the record herein, why this useless proceeding? To lay down a rule that an action for mandamus should nevertheless lie as a matter of right would seem to fly in the face of the principle of simplification of actions under our Code procedure. We need not say that the form of action herein would have

been material, if the interested parties had been before the court, and issues had been properly framed. But in this case, the defendant corporation was in truth and in fact but a nominal party. The real contest is between Mrs. Van Tassell on the one hand and the relator on the other. She was not made a party. She attempted to intervene, and the right of intervention was denied, partly at least, it would seem, because relator objected. Relator did not allege that he wanted to examine the books for the purpose of helping him in establishing his ownership of the stock, and hence we need not say anything on that point. But see note 22 A. L. R. 71-74. In fact he might have had the books, in so far as relevant evidence herein, brought into court in the instant action, but he did not avail himself of that privilege.

In order that a man may have the right of inspection, he must, of course, be a stockholder, and one not merely in name, but in fact, Thompson on Corporations, (3rd Ed.) Sec. 4529; Fletcher, Cyc. of Corporations, Sec. 2830; In Re Gaines, 180 N. Y. S. 191, affirmed 190 App. Div. 941, 179 N. Y. S. 922; State ex rel. v. Whited & Wheless, 104 La. 125, 28 So. 922; Murray v. Walker, 156 Ky. 536, 161 S. W. 512, Ann. Cas. 1915 C 363; Foss v. Gas Light & Coke Co., 241 Ill. 238, 89 N. E. 351; 38 C. J. 795; note 22 A. L. R. 96. That is conceded. But counsel for relator argued, in the oral argument herein, that such ownership may be shown in this action; that Mrs. Van Tassell did not need to be made a party to determine that question. They pointed out that the mere denial of ownership of the stock should not deprive a stockholder of the right to a writ of mandamus to inspect the books and records; that if that were not true, such writ could be prevented in every case. The force of that argument cannot be denied. And yet, on the other hand, it is also true that a mere assertion of ownership should not

necessarily entitle a claimant to such writ. And that is none the less true even in a case where a claimant makes a prima facie case by the production of a certificate of stock, for the stock may have been obtained by fraud or extortion, or it may be otherwise in his possession unlawfully. In such case it could hardly be said with Cook on Corporations supra, that the writ would then, notwithstanding such defective title, be issued "in furtherance of essential justice." It would seem, accordingly, that whether the court has abused its discretion in allowing a writ, will depend upon the particular facts in each case.

Some language contained in the case of State v. Wright, 10 Nev. 167, 173, cited in 38 C. J. 790, seems to sustain the contention of counsel for relator, for the court in that case stated that a relator in mandamus "should not, however, be compelled, in a summary proceeding of this character, to contest his rights against the claims of third persons." In that case the relator sought to compel the calling of an election for a board of trustees. No election had been held for a number of years. A third party, the Sierra Nevada Mining Company, sought to intervene in the action. The right of intervention was denied. Notwithstanding that, the defendant corporation sought to show that relator was not the owner of the stock. The court held that the defendant could not shield itself by relying upon or showing the title of the Sierra Nevada Mining Company. It appears that another action was then already pending to determine the title between the relator and that company. It was pointed out that no prejudice could result from the holding of an election; that it stood in his name upon the books of the defendant; that relator was the apparent owner of the stock; that he had paid assessments thereon which had been levied by the corporation and that the corporation had dealt with relator as a stockholder. The case seems

inconsistent with other cases—i. e., Murray v. Walker, supra, which give defendant corporation the absolute right of showing that relator is not a bona fide stockholder of the corporation. However that may be, the facts in the Nevada case were quite different from the facts in the case at bar. An election of trustees is a harmless proceeding, or can be made so. An inspection can be used for vexation. An action to determine the ownership between the rival claimants had been brought in that case, but not in this. In that case the corporation had actually dealt with the relator as a stockholder. That is not true in this case. In that case, the court was justified in concluding that the claim of the rival claimant was set up in the mandamus proceeding as a mere pretense. That cannot be said in the case at bar. We need not even say that we should have disturbed the decision of the trial court if it had concluded that, under the circumstances, a writ should be allowed. All we need to determine is whether its discretion was abused in disallowing the writ.

Some of the cases are seemingly inconsistent, in principle, with the broad statement above quoted from the Nevada case. Thus in the case of In re Wigant, 101 Misc. 509, 167 N. Y. S. 369, the court stated that a peremptory writ of mandamus "may only issue when the facts upon which the relator relies are undisputed." In the case of In Re Hastings, 120 App. Div. 756, 105 N. Y. S. 834, a writ of mandamus to inspect the books of a corporation was denied to one who was a devisee under a will which was contested. The court stated that "the petitioner is a stranger to the corporation, and whether he will ever be the owner of any stock or a member of the corporation depends upon the proceeding in the Surrogate's Court." In In Re Reiss, 30 Misc. Rep. 234, 62 N. Y. S. 145 and in Butterfly-Terrible Gold Min. Co. v. Brind, 41 Colo. 29, 91 Pac. 1101, it was held that one who held stock in a corporation,

which was not yet transferred upon the books of the corporation, was not entitled to a writ for the inspection of the books. All of these cases present features different from those in the case at bar and are not decisive herein. Still, all of them are in conformity with the general rule, also heretofore announced by this court, that a writ of mandamus is a discretionary writ and will not be issued unless the legal right of the relator is clear. 38 C. J. 582; 18 R. L. C. 128; Cross v. Board, 50 Wyo. 181, 58 P. (2d) 423; State v. Schnitger, 16 Wyo. 479, 95 Pac. 698. In 38 C. J. 795 it is said that "to entitle a stockholder to the writ, his status as a stockholder must be sufficiently established, his right of inspection must be clear." In 38 C. J. 582-585, it is said:

"Since the purpose of a writ of mandamus is not to establish a legal right, but to enforce one which has already been established, the legal right of plaintiff or relator to the performance of the particular act of which performance is sought to be compelled must be clear and complete. Indeed, it has been said, and with good reason, that the right to its performance must be so clear as not to admit of reasonable doubt or controversy. * * * In accordance with the principle just stated, mandamus will not issue to enforce a right which is in substantial dispute * * * or as to which substantial doubt exists."

Numerous authorities are cited in support of the last two sentences. In ex parte Hussein Lutfi, 256 U. S. 616, 42 Sup. Ct. 609, 65 L. Ed. 1122, it was held that if the question upon which the right to a writ of mandamus depends is a debatable one, the writ will be refused. See also U. S. v. Windom, 137 U. S. 636, 11 Sup. Ct. 197, 34 L. Ed. 811.

We are unable to perceive why these rules should not be applied in the case at bar. The stock in question is in "substantial dispute." Counsel for relator, it is true, deny that this is true. They claim that the right to

the stock is not debatable; that they have shown a clear legal right thereto. The trial court thought otherwise. In fact, it found that relator had no right at all. We need not decide whether that finding was correct or erroneous. We cannot say that the evidence in the record is such that it could not create in the mind of the trial court at least a reasonable doubt as to the relator's right, and that is all that is necessary to prevent us from holding that the court abused its discretion in denying the writ. We think that relator's right is at least debatable. Among other matters, the evidence is meager on the point as to whether or not the certificate of stock held by relator was issued in excess of the capital stock of the defendant corporation. Again, the question arises as to whether Mr. Draper was, in holding the stock, the agent of the deceased or of the relator. It is hardly necessary to say that this question is generally or often one of great difficulty of solution. Counsel for relator rely greatly upon a letter of Mr. Draper which he wrote in 1928, and in which he stated to relator: "For over two years I have held for you *as trustee* a stock certificate, which is for the benefit of Jim and Blanche." They argue that Mr. Draper here declared himself to be the trustee of relator. But bearing in mind the fact that relator was to be a trustee, and that the words "as trustee" follow the word "you" it is at least a debatable point as to whether the words "as trustee" refer to relator or to Draper. We think that under the facts in this case the court did not abuse its discretion in denying the writ asked herein, and upon that ground, the judgment of the court below is affirmed.

*Affirmed.*

RINER and KIMBALL, JJ., concur.