Cohn, J.
(dissenting). In addition to his common-law right to inspect all the books of his corporation at a proper time and place and for a proper purpose, a stockholder is by statute afforded *106 the right to inspect the stock hook of the company subject to the restrictions therein set forth (Stock Corporation Law, § 10; L. 1923, ch. 787, as amd. by L. 1926, ch. 688; L. 1933, ch. 641; Matter of Schulman v. Dejonge & Co., 270 App. Div. 147, 149). Unlike the other books of the corporation, the stock book has no relation to the business carried on by the company and the statutory right to inspect it “ was doubtless made to enable stockholders to promptly learn who are entitled to vote for directors ” (Matter of Steinway, 159 N. Y. 250, 264).
Where, as here, the right to inspection of the stock book is conferred by statute, it becomes absolute when all statutory requirements are complied with. In such case, there is nothing left to the discretion of the court and the petitioner is entitled to a final directory order as a matter of course. That has been the direct holding of the Court of Appeals in the leading case of Matter of Steinway (supra), pp. 263-264), and still appears to be the rule in this State. (Henry v. Babcock & Wilcox Co., 196 N. Y. 302, 305; Matter of Hurley v. National Bank of Middletown, 252 App. Div. 272, 274; 6 Thompson on Corporations [3d ed.], p. 436.) “ An order denying mandamus cannot rest in discretion when there are no disputed facts, when the law is with the petitioner and when there is no reasonable basis for a holding that other remedies are adequate; and there is no element of hardship or laches or other unequitable, conduct.” (Crane, J., Matter of Brennan v. Board of Education, 245 N. Y. 8, 16; see, also, Matter of Smidt v. McKee, 262 N. Y. 373, 380.)
Upon the conceded facts it appears that petitioner is a qualified stockholder of respondent corporation; that upon request he supplied the corporation with the written statement required by section 10 of the Stock Corporation Law and that his written demand to inspect the stock book met with a refusal. Nonetheless, in view of the averments in respondents’ answer and the charges of bad faith made in their affidavits submitted in opposition to this application, there is a triable issue of fact as to whether plaintiff’s motive in desiring an inspection of the stock book is “ for the purpose of communicating with stockholders in the interest of a business or object other than the business of the corporation,” a purpose prohibited by statute (Stock Corporation Law, § 10). If, upon a trial, it be established that the purpose for which the inspection sought is one that does not encompass a business or object other than the business of the corporation, a final order granting the inspection should follow.
*107 Accordingly, I dissent and vote to modify the order by granting an alternative order directing the trial of the issue of good faith as indicated herein, pursuant to the provisions of section 1295 of the Civil Practice Act.
Martin, P. J., Glennon and Van Voorhis, JJ., concur in Per Curiam opinion; Dore, J., dissents and votes to modify the order appealed from by granting an alternative order directing trial of the issue of good faith; Cohn, J., dissents in opinion.
Order reversed, with $10 costs and disbursements to the appellants and the motion denied. Settle order on notice.