## 20330

Robert L. JOLLY, Respondent, v.
MARION NATIONAL BANK, Appellant.
(231 S. E. (2d) 206)

*Kermit S. King, Esq.,* of Columbia, *for Appellant,*

*Timothy G. Quinn, Esq.,* of Columbia, *for Respondent,*

December 21, 1976.

*Lewis,* Chief Justice.

Robert L. Jolly, respondent, petitioned the lower court for a writ of mandamus to enforce his asserted absolute right to inspect and copy a list of stockholders of the appellant, Marion National Bank. The trial judge found that respondent was a bonafide stockholder of the appellant, and that his demand was made in accordance with 12 U. S. C. A. Section 62. He concluded that the statute granted to respondent an absolute right to inspect the list of stockholders of appellant, that the court had no discretion in the matter, and that respondent was therefore entitled to the issuance of the requested writ of mandamus as a matter of legal right. We disagree.

12 U. S. C. A. Section 62, upon which the asserted absolute right of inspection of the stock list by respondent is based, provides: The president and cashier of every national banking association shall cause to be kept at all times a full

and correct list of the names and residences of all the shareholders in the association, and the number of shares held by each, in the office where its business is transacted. Such list shall be subject to the inspection of all the shareholders and creditors of the association, and the officers authorized to assess taxes under State authority, during business hours of each day in which business may be legally transacted. A copy of such list, verified by the oath of such president or cashier, shall be transmitted to the Comptroller of the Currency within ten days of any demand therefor made by him.

The trial judge, in reaching his conclusion that the statute gave a shareholder in a national bank an absolute right of inspection, entitling him to an automatic writ of mandamus, cited the general statements found in 9 C. J. S. Banks and Banking § 584 and 10 Am. Jur. (2d), Banks, Section 68, to the effect that the statute "gives to all bonafide stockholders the absolute right to examine the list at any time regardless of their motive or purpose in making the examination." 9 C. J. S. Banks and Banking § 584.

All agree that there are no South Carolina or Federal Court decisions dealing with the particular question presented in this case. The few decisions from other states, which deal with the question and apparently form the basis for the general statements in C. J. S. and Am. Jur. (2d), are not persuasive. The law is simply not settled that a bank shareholder has an absolute right to a writ of mandamus as a matter of course.

The language of 12 U. S. C. A. Section 62 contains no provision that renders motive immaterial to the right given to a national bank shareholder to inspect the list of shareholders. The statute provides that the list of shareholders "shall be subject to the inspection of all the shareholders . . . during business hours of each day in which business may be legally transacted." It does not mention the stockholder's motive and, importantly, it does not direct that State Courts are compelled to issue a writ of mandamus on the mere

showing of ownership of national bank stock and irrespective of any equitable principles that may be involved.

As stated in *Guthrie v. Harkness,* 199 U. S. 148, 26 S. Ct. 4, 50 L. Ed. 130, "there can be no question that the decisive weight of American authority recognizes the common law right of the shareholder, for proper purposes . . ., to inspect the books of the corporation of which he is a member"; and, at common law, mandamus is proper to enforce such right of inspection where the writ is sought for a proper and legitimate purpose, 55 C. J. S. Mandamus § 223(b).

In discussing the effect of statutes upon the common law right of inspection and its enforcement by mandamus, it is stated in 55 C. J. S. Mandamus § 223, p. 431:

There is a divergence of authority on the question of the consideration, if any, to be given the purpose of a stockholder applying for a writ of mandamus for an inspection of corporate records, where a statute grants a right of inspection without any express limitation in respect of purpose . . .; but, according to the weight of authority, an illegal or improper motive or purpose on the part of the petitioning stockholder is a defense which will induce the court to deny the writ.

The majority view is similarly stated in 18 Am. Jur. (2d), Corporations, Section 186, p. 716.

The present statute simply states the common law rule and, without express language to the contrary, there is no sound reason to support the conclusion that Congress intended to enlarge upon the common law requirement that a shareholder is limited to a legitimate purpose in seeking to inspect the list of shareholders.

The principles governing the issuance of the writ of mandamus were thus stated in *Linton v. Gaillard,* 203 S. C. 19, 25 S. E. (2d) 896:

The overwhelming weight of authority is to the effect that the writ of mandamus is not a writ of right, but whether

or not the writ be designated as one of right, its allowance or refusal in almost all jurisdictions is invariably held to be a matter of discretion with the Court. . . . Of course the discretion to be exercised is not an arbitrary discretion, but a judicial or legal discretion, founded upon equitable principles, the abuse of which would constitute error of law.

There is nothing in the statute or the right conferred to justify the conclusion that the discretionary power of the State Courts in granting the writ of mandamus was abridged. As stated in *Shea v. Sweetser,* 119 Me. 400, 111 A. 579, "the writ of mandamus is an extraordinary remedy . . . It would become a very ordinary remedy indeed if a mandamus writ, like a trading stamp, should go with the sale of every share of stock."

We reverse the judgment and remand for the consideration of the application for the writ within the exercise of the court's discretion.

Reversed and Remanded.

NESS, RHODES and GREGORY, JJ., concur.

LITTLEJOHN, J., dissents.

LITTLEJOHN, Justice (dissenting):

I respectfully dissent and would affirm the order of the lower court.

I am not at all sure but that the trial judge has already exercised his discretion in issuing the writ of mandamus. If not, he can do so now. Whether he did or did not, after he concluded, as obviously he did, that the petitioner was entitled to relief as a matter of right, failure to issue the writ would have amounted to an abuse of discretion. Although the issuance of a writ of mandamus is generally within the discretion of the court, it is not always so. A statutory right (as here) should not be denied as a matter of discretion.

The discretion allowed a judge relates more to the method of trying the issue than to the enforcing or withholding of

a right. If the court should hold as a matter of discretion that a writ of mandamus should not be issued, the same could be pursued by way of a declaratory judgment or by way of some other appropriate proceeding, wherein no discretion is allowed.

In passing the act, no doubt Congress was aware of the fact that occasionally some stockholder might demand the list for a questionable purpose. On the other hand, except for the rule enunciated by the Congress, some indiscreet employee of the bank might deny the list to a stockholder who wanted it for a proper reason. There is no perfect solution. The statute takes it out of the field of debate such that the courts are relieved of the burden of nursing feuds which may go on between irresponsible stockholders and conscientious bank employees on the one hand and/or conscientious stockholders and irresponsible bank employees on the other hand.

The order of Honorable David W. Harwell, Judge, shall be printed as my view of the proper disposition of the case, eliminating, however, several paragraphs unnecessary to treatment of the issue on appeal.

## ORDER

This matter comes before me pursuant to a Petition praying for relief by way of *Writ of Mandamus* which would order the Respondent, a national bank, to allow the Petitioner to examine, inspect and make copies of the list containing the names and addresses of all the shareholders of the said Respondent.

The Petitioner alleges this right exists and seeks to enforce the same under the provisions of Title 12, United States Code, Section 62, which states in full:

"The president and cashier of every national banking association shall cause to be kept at all times a full and correct list of the names and residences of all the shareholders in the association, and the number of shares held by each, in the office where its business is transacted. Such list shall be

subject to the inspection of all the shareholders and creditors of the association, and the officers authorized to assess taxes under State authority, during business hours of each day in which business may be legally transacted. A copy of such list, verified by the oath of such president or cashier, shall be transmitted to the Comptroller of the Currency within ten days of any demand therefor made by him."

The Respondent in its Return, admits that the Petitioner is a stockholder of the Marion National Bank, that the Petitioner made a demand for the list of other stockholders and that such demand was denied. The Respondent alleges that such demand was denied because the Petitioner failed to show a proper purpose for making such demand.

. . . . .

There are several Federal decisions involving a shareholder's right to inspect the books and records of a National Bank, basing such decisions on the common law, as there is no Federal statute providing for such inspection. *Wittncbel v. Loughman*, D.C., 9 F. Supp. 465; *Hughes v. Reed*, 10 Cir., 46 F. (2d) 435; *Meeker v. Baxter*, 2 Cir., 83 F. (2d) 183; *Durnin v. Federal Savings and Loan Association*, D.C., 218 F. Supp. 716, however, there appear to be no Federal decisions in precise point with the question raised here.

Referring to the general law as found in 10 Am. Jur. (2d), *Banks*, Section 68, at page 78, it states:

"Thus stockholders of a national bank have a right to inspect the list of stockholders and the number of shares held by them as recorded on the books of the bank, and the motive for wishing to inspect the list is wholly immaterial. The only requisites to the right of examination are that the applicant be a *bona fide* stockholder and that the application be made during business hours."

This annotation cites the case of *McDonald v. Dewey, supra; Murray v. Walker*, 156 Ky. 536, 161 S. W. 512; *Hurley v. National Bank*, 252 App. Div. 272, 299 N.Y.S. 241; and

*Most v. First National Bank of San Diego,* 246 Cal. App. (2d) 425, 54 Cal. Rptr. 669.

In 9 C.J.S. *Banks and Banking* § 584, p. 1106, it states: "Under the express provisions of the National Banking Act, U. S. Revised Statutes § 5210, 12 U.S.C.A. § 62, the president and cashier of every national bank are required to keep at all times, in the office where the business of the bank is transacted, a full and correct list of the names and residences of all the shareholders, and the number of shares held by each, which shall be subject to inspection during business hours by creditors and stockholders, and officers authorized to assess taxes under state authority. . . . (i)t also gives to all *bona fide* stockholders the absolute right to examine the list at any time regardless of their motive or purpose in making the examination."

An annotation regarding this issue is found in 15 A.L.R. (2d) 11, at p. 54, it states that *Mandamus* lies to enforce this right of inspection, citing, *People ex rel. Lorge v. Consolidated National Bank,* 105 App. Div. 409, 94 N.Y.S. 173, and in the Later Case Service thereto citing *Most v. First National Bank, supra,* it states:

"Under Federal Statute, shareholder in national bank had absolute right of inspection irrespective of his reasons and whether or not he had beneficial interest in shares." at 321.

The general law, as set forth above, clearly sets forth the proposition that a shareholder of a National Bank has an absolute right to inspect the list of other shareholders, whatever his motive, the only requisite being that the demand must be made during business hours on days during which business may legally be transacted.

The case most heavily relied on by the Respondent as supporting its position of denying the inspection unless a proper motive was shown is not applicable here. The *Guthrie* case involved an inspection of corporate books and records and the Respondent fails to make any distinction be-

tween the right of examination and inspection of corporate books which existed at common law, and the statutory right, in this action, involving shareholder lists. The exercise of the right under common law may have been discretionary however when as here, relief is sought under the statute, Title 12, United States Code, Section 62, it is mandatory.

*People ex rel. Lorge, supra.*

The Respondent asserts that a showing of proper motive is also required, based upon the provisions of Section 12-16.26, Code of Laws of South Carolina, 1962. This assertion fails to take into account that the Respondent is not a South Carolina Corporation, it is a National Bank and there are no State Statutes regarding inspection of a National Bank, in fact Section 8-269, provides that State laws shall be applicable to banks and trust companies chartered under the laws of this State only to the extent that they are not in contravention of laws on regulations of the United Sates. Further this assertion would be contrary to and frustrate the purpose of Title 12, United States Code, Section 62, accordingly it must fail. *Davis v. Elmira Savings Bank,* 161 U. S. 275, 16 S. Ct. 502, 40 L. Ed. 700.

I therefore conclude that the Petitioner has shown that he is a *bona fide* stockholder of the Marion National Bank, that he made demand for an inspection of the list of other shareholders of said Bank, that such request was made in accordance with the requisites as set forth in Title 12, United States Code, Section 62. Under these circumstances it is mandatory upon the Respondent to allow the Petitioner an opportunity to avail himself of his statutory rights.

Finally I reach the question of whether a *Writ of Mandamus* is a proper remedy in this action. I find that there is an absolute right denied to the Petitioner, and a specific legal duty avoided by the Respondent. Accordingly *Mandamus* is the appropriate remedy. *Self v. Langley Mills,* 123 S. C. 179, 115 S. E. 754.

*Wherefore,* it is ordered.

That the Marion National Bank make available to the Petitioner the list of stockholders in said Bank, in accordance with the provisions of Title 12, United States Code, Section 62, that said list be available upon demand during normal business hours on days during which business can legally be transacted.