Submitted on briefs without argument September 2, decided September 9, 1913.

## DAVIDSON v. ALMEDA MINES CO.*

(134 Pac. 782.)

**Mandamus—Corporate Stock—Transfer on Books—Remedies for Refusal.**

1. Under Section 613, L. O. L., providing that *mandamus* will not lie where there is a plain, speedy and adequate remedy in the ordinary course of the law, *mandamus* would not lie to compel a corporation to transfer stock on its books to one who had purchased the stock voluntarily and issue to him certificates of stock, although it was alleged that the corporation was insolvent, indicating that an action at law for the value of the stock would be fruitless, since the same relief could be obtained by a suit in equity.

**Corporations—Stock—Transfer on Books—Remedies for Refusal.**

2. Where a corporation refuses to transfer stock on its books and to issue certificates to a purchaser, he may sue it at law and recover the full value of the stock, and, if this fails to afford him a complete remedy, he may sue in equity to compel a transfer and the issuance of the certificates.

**Corporations—Rights of Stockholders—Inspection of Corporate Books.**

3. A stockholder in a private corporation may, by *mandamus*, obtain an inspection of the corporate books, if such privilege is denied, but must show that he desires such examination for some just purpose or to prevent some injury which he might sustain if not permitted

---

*The question of *mandamus* to enforce right to inspect books of a corporation is treated in a note in 45 L. R. A. 457; and the authorities on the right of a stockholder to inspect corporate books, generally, are gathered in notes in 45 L. R. A. 446; 20 L. R. A. (N. S.) 185; 30 L. R. A. (N. S.) 291, and 42 L. R. A. (N. S.) 332.        REPORTER.

to inspect them, and hence the writ would be denied where there was no allegation as to the necessity for the examination of the books.

[As to the right of stockholders to inspect books of the corporation, and the remedies for its enforcement, see note in 107 Am. St. Rep. 674.]

From Multnomah: WILLIAM N. GATENS, Judge.

Department 1.    Statement by MR. JUSTICE MOORE.

This is a special proceeding by W. E. Davidson against the Almeda Consolidated Mines Company, a corporation, to compel the transfer of stock on the books of a private corporation. The alternative writ of *mandamus* states generally that plaintiff purchased certificates numbered 481 and 2189, representing 1,000 and 1,200 shares, respectively, of the capital stock of the defendant; that he tendered to it these certificates and demanded from it a transfer of the stock on its books and the issuing of other certificates in lieu thereof, paying at the same time the fees necessary to secure a delivery of the vouchers required; that defendant declined to make the transfers or to issue new certificates and refused to permit him to inspect its books; that he believes and therefore alleges that the defendant is insolvent; and that he has no plain, adequate or speedy remedy at law.

The return to the alternative writ denies that the defendant refused to transfer the stock, or that it declined to permit plaintiff to inspect its books, or that it is insolvent. For a further defense it is averred that prior to the alleged demand the defendant had adopted a resolution providing that all transfers of stock should be passed upon by its board of directors; that the regular meetings of the board were held on the second Tuesday of each month; that no meeting was held during the month the plaintiff's demand was made; that at the next regular meeting the transfer requested will be considered; and that when the stock was so

tendered the plaintiff had notice of the resolution and knew that the stock could not be entered on the books except by order of the board of directors.

A demurrer to the further and separate return, on the ground that it did not state facts sufficient to constitute a defense, having been sustained, and the defendant declining further to plead or answer, a peremptory writ of *mandamus* was issued, commanding a transfer of the stock and ordering an inspection of the corporation's books by the plaintiff, from which judgment the defendant appeals. Submitted on briefs without argument under the proviso of Rule 18 of the Supreme Court: 56 Or. 622 (117 Pac. xi).

REVERSED: PROCEEDINGS DISMISSED.

For appellant there was a brief over the names of *Mr. L. E. Crouch* and *Wilbur, Spencer & Dibble.*

For respondent there was a brief over the name of *Collier & Collier.*

MR. JUSTICE MOORE delivered the opinion of the court.

1, 2. The question to be considered is whether or not, based upon the facts involved herein, *mandamus* is the proper remedy. Though the stock in question is deemed to be personal property, such incorporeal acquisition is not alleged to have any particular value on account of the *pretium affectionis* which might possibly attach to a favorite chattel, and for the refusal of the defendant to make the transfer an action at law might have been maintained to recover the value of the stock, unless the insolvency of the corporation would render that remedy ineffectual. The statute regulating the practice by *mandamus* declares: ''The writ shall not be issued in any case where there is a plain, speedy, and adequate remedy in the ordinary course of the

law'': Section 613, L. O. L.   If without lawful excuse a corporation refuses to transfer to the purchaser stock, or to issue a certificate therefor, he may maintain an action at law against the corporation to recover the full value of the stock: Lawson, Transfer of Stock, § 137; 26 Am. & Eng. Ency. of Law (2 ed.), 887; *Durham* v. *Monumental S. M. Co.*, 9 Or. 45; *Dooley* v. *Gladiator Con. M. & M. Co.*, 134 Iowa, 468 (109 N. W. 864, 13 Ann. Cas. 297).   In case the action at law fails to afford the purchaser a complete remedy, he can bring a suit in equity to compel the corporation to make a transfer on its books and to issue to him certificates of stock: Lowell, Transfer of Stock, § 137; 26 Am. & Eng. Ency. of Law (2 ed.), 886.

If the defendant was insolvent as alleged, an action at law to recover the value of the stock would probably not have furnished an adequate remedy.   A legal remedy that will bar relief by *mandamus* is a remedy at law as distinguished from a remedy in equity: High, Ex. Legal Rem. (3 ed.), § 20; *Slemmons* v. *Thompson*, 23 Or. 215 (31 Pac. 514); *State* v. *Sneed*, 105 Tenn. 711 (58 S. W. 1070).   In *Slemmons* v. *Thompson, supra,* it was ruled that, in case a corporation was apparently insolvent, *mandamus* would lie to compel a transfer of stock to a purchaser whose title was derived from an execution sale.   The decision in that case is based on a statute declaring that all stocks in private corporations are deemed personal property and subject to levy and sale upon execution and requiring the corporation, where such sale has been made, to make the necessary transfer to the purchaser upon the stock book: Section 6695, L. O. L.   That determination is also predicated on the theory that, the corporation being apparently insolvent, the remedy at law to recover the value of the stock would probably have proved unavailing, and hence a resort to *mandamus* was necessary in order to

prevent a failure of justice. In reaching that conclusion, Mr. Chief Justice LORD, referring to the decision in *Durham* v. *Monumental M. & M. Co.*, 9 Or. 41, says: "In that case the general proposition that *mandamus* would not lie to compel a transfer of the stock upon the books of a private corporation in cases where the stock in question has been sold at a private or voluntary sale was conceded." To the same effect is the case of *Bank of State* v. *Harrison*, 66 Ga. 696.

In the case at bar the sale of the stock to plaintiff was evidently made voluntarily and not *in invitum* on execution. In discussing the remedies of *mandamus* and a suit in equity to compel a transfer of the stock of a private corporation, it is observed: "There is very little authority on the subject, and that conflicting, but it is believed that the writ of *mandamus* will be confined to cases, if any there be, where neither an action at law nor a bill in equity furnishes sufficient relief, inasmuch as *mandamus* is an extraordinary remedy and affords no means whereby conflicting claims to stock can be adjusted and all the parties brought before the court": Lowell, Transfer of Stock, § 234.

3. A stockholder in a private corporation may by a writ of *mandamus* obtain an inspection of the corporate books, if such privilege is denied him. In order to be entitled to such relief, he must show that he requests such examination for some just purpose or to prevent some injury which he might sustain if not permitted to inspect them: Merrill, Mandamus, § 161. The return herein does not make any averment as to the necessity for an examination of the books, and hence *mandamus* will not issue on that ground.

Though an action at law herein might have proved fruitless in consequence of the alleged insolvency of the defendant, and though, so far as disclosed by the return of the alternative writ, there are no conflicting

claims to the stock asserted, it is believed that the rule adopted in this state, in case of private sales of such property, should be followed, making a resort to *mandamus* unnecessary herein, since the same relief could have been obtained by a suit in equity.

It follows from these considerations that the judgment is reversed and the proceedings dismissed.

REVERSED: PROCEEDINGS DISMISSED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BURNETT and MR. JUSTICE RAMSEY concur.

----

On Motion to Dismiss, argued January 17, decided September 9, 1913.