Argued June 8, affirmed June 22, rehearing denied July 27, 1926.

## CARL BERNERT v. MULTNOMAH LBR. & BOX CO. ET AL.

(247 Pac. 155; 248 Pac. 156.)

**Corporations.**

1. At common law, stockholder had right to inspect corporate books and records when he proceeded with proper motive.

**Corporations.**

2. Under Section 6870, Or. L., authorizing inspection of corporate books by any person interested, stockholder is "interested person," and has right to inspect books and records, whatever his motive or purpose.

**Mandamus—Mandamus will not Issue to Enforce Examination of Corporation's Books by Stockholder, Where Stockholder had Sinister Design or Ulterior Motive Which may Result in Injury to Corporation.**

3. *Mandamus* will not issue to enforce right of stockholder to examine books and records of corporation, where inspection is prompted by sinister design or ulterior motive which may result in injury to corporation.

**Mandamus.**

4. Stockholder, seeking by *mandamus* to obtain examination of corporation's books, being presumed to have acted in good faith, it is incumbent on corporation to prove that inspection was desired for wrongful or unlawful purpose.

---

1. Right of stockholder to inspect books of corporation, see notes in 22 A. L. R. 24; 20 L. R. A. (N. S.) 185; 30 L. R. A. (N. S.) 290; 45 L. R. A. 446. See, also, 7 L. R. A. 322.

3. Motive as affecting right of inspection, see notes in 107 Am. St. Rep. 677; 45 L. R. A. 461. See, also, 7 L. R. A. 326.

**Pleading.**

5.   Legal effect of motion for judgment on pleadings by plaintiff is to admit truth of material allegations of defendant's answer.

**Mandamus—Answer to Petition for Mandamus to Compel Inspection of Corporate Books and Records Held not to State Sufficient Facts to Show Purpose of Inspection was Wrongful or Unlawful.**

6.   Answer to petition for *mandamus* to compel corporation to permit stockholder to inspect books and records, alleging generally that inspection was sought for purpose of seeking information on which to base unfounded and groundless actions and suits and to obtain names of stockholders in pursuance of scheme and conspiracy to defraud corporation, *held* not to state sufficient facts to warrant conclusion that purpose of inspection was wrongful or unlawful.

ON PETITION FOR REHEARING.

**Pleading.**

7.   Argument of motion for judgment on pleadings, without suggestion that motion had become *functus officio* by reason of filing of amended answer, was waiver of such objection.

---

Corporations, 14 **C. J.**, p. 853, n. 20, 854, n. 21, 29, p. 855, n. 30, 36, p. 856, n. 46, p. 857, n. 56, 61, 66, p. 862, n. 87, 88.

Evidence, 22 **C. J.**, p. 147, n. 52.

Mandamus, 38 **C. J.**, p. 544, n. 47, p. 547, n. 85, 86, p. 557, n. 56, p. 574, n. 11, p. 794, n. 1, p. 796, n. 15, 18, 19, p. 797, n. 27, 28, 31, p. 889, n. 11, 12, p. 919, n. 59, p. 949, n. 71, p. 950, n. 73.

Pleading, 31 **Cyc.**, p. 606, n. 28, p. 615, n. 23 New.

From Multnomah: ROBERT TUCKER, Judge.

Department 2.

This is a *mandamus* proceeding instituted by a stockholder of the defendant corporation to compel it to submit to an inspection of its books and records. The alternative writ, so far as material herein, recites that the relator is a stockholder; that he desires an inspection of the company's books and records to ascertain its financial status and the advisability of its obtaining more money by means of a contemplated bond issue; that relator is the owner of 45 shares of stock of the par value of $100 each; and

---

5.   See 21 **R. C. L.** 594.

that a demand at a reasonable time was made for such inspection but it was refused.

Defendants answered admitting the alleged company is a corporation and that relator is a stockholder therein; that he made a request for inspection of its books and records at a reasonable time; and that such request was refused. It is further alleged that relator has an ulterior motive and purpose in desiring an inspection and that it would be inimical to the interests of the defendants for him so to do. Defendants, in substance, aver that plaintiff and other persons named were engaged in a conspiracy to defraud the company and its stockholders; that information was desired in order to carry out such fraudulent design; and that defendants as a result of knowledge thus obtained would be subjected to base and groundless litigation.

Petitioner replies denying the charge of bad faith and alleging affirmatively that the defendant company and his counsel had entered into a written agreement whereby he was expressly given the right to inspect its books and records.

The trial court allowed a motion for judgment on the pleadings and thereupon issued a peremptory writ directing the defendants to submit to such inspection, under certain well-defined restrictions. Defendants appeal.    AFFIRMED.

For appellants there was a brief over the name of *Messrs. Collier, Collier & Bernard,* with oral arguments by *Mr. John A. Collier* and *Mr. Earl F. Bernard.*

For respondent there was a brief over the names of *Mr. L. E. Crouch* and *Mr. J. F. Reilly,* with an oral argument by *Mr. W. P. LaRoche.*

BELT, J.—1. At common law a stockholder unquestionably had the right to inspect corporate books and records when he proceeded with a proper motive: *Guthrie* v. *Harkness,* 199 U. S. 148 (50 L. Ed. 130, 4 Ann. Cas. 433, 26 Sup. Ct. Rep. 4, see, also, Rose's U. S. Notes); *State ex rel. Thiele* v. *Cities Service Co.,* 31 Del. 514 (115 Atl. 773, 22 A. L. R. 8); *State ex rel. Costello* v. *Middlesex Banking Co.,* 87 Conn. 483 (88 Atl. 861); *Wilson* v. *Mackinaw State Bank,* 217 Ill. App. 494; *Venner* v. *Chicago City Ry. Co.,* 246 Ill. 170 (92 N. E. 643, 138 Am. St. Rep. 229, 20 Ann. Cas. 607); 4 Fletcher's Cyclopedia Corporations, p. 4083, and numerous authorities therein cited. Under this qualified right, the stockholder, as stated in *Wilson* v. *Mackinaw State Bank, supra,* "was entitled to such examination only when he showed that the request therefor was made in good faith and for reasons connected with his rights as a stockholder."

2. In many jurisdictions various statutes have been enacted either confirming or enlarging the common-law rule. Turning to Section 6870, Or. L., it is provided:

*"Stock Book must be Kept, Subject to Inspection.* Every corporation organized under this chapter shall keep a stock book, in such manner as to show intelligibly the original stockholders, their respective shares, the amount paid, and the amount due thereon, if any, and all transfers thereof, which stock book, or a certified copy thereof, as to the items in this section specified, as well as all other books of the corporation necessary for carrying on its business, shall be subject to the inspection, at all reasonable hours, of any person interested therein and applying therefor."

It will be observed that the right of examination is not limited to stockholders, but includes "any person interested therein and applying therefor." Nor is it provided that the purpose of the inspection be stated. The only restriction is the inspection shall be made at reasonable hours. Without doubt, a stockholder is an "interested person" within the meaning of the statute.

The effect of the statute is to give stockholders an absolute legal right to inspect the books and records of a company in which they are interested. It was enacted for their protection. Why should it not be so? They are the owners of the corporate property. The directors and other officers of the corporation are their agents and trustees. Is it not proper for the beneficiaries to inquire into the administration of the trust? Those who thus invest money may well investigate as to the manner in which it is being used, and the fact that this statutory right may result in abuse is in itself no reason for denying relief. That harm might result in subjecting corporate records to inspection by stockholders who are suspected of having sinister designs is generally more fanciful than real. When business is operated on a sound financial basis and the affairs of a company are conducted honestly and legitimately seldom does harm result by turning on the light of day.

So far as the strict legal right of inspection is concerned, it is immaterial what the motive or purpose may be. The right conferred is absolute and unconditional. Petitioner's averments concerning his purpose and motive were superfluous. As stated in 7 R. C. L. 330:

"It is not necessary for a stockholder in a corporation, who demands an inspection of its books and records, to state in his petition what his reasons

are for desiring it, or to show that he is actuated by proper motives and in the pursuit of justifiable ends. It is sufficient for his petition to show that he is a stockholder; that he has requested such inspection to be made at a reasonable time; and that his request has been refused.''

*Shea* v. *Sweetser,* 119 Me. 400 (111 Atl. 579); *Ellsworth* v. *Dorwart,* 95 Iowa, 108 (63 N. W. 588, 58 Am. St. Rep. 427); *Weihenmayer* v. *Bitner,* 88 Md. 325 (42 Atl. 245, 45 L. R. A. 446, and note); *State ex rel. Holmes* v. *Doe Run Lead Co. et al.* (Mo. App.), 178 S. W. 298; *American Mortgage Co.* v. *Rosenbaum,* 114 Ohio 231 (151 N. E. 122); *State of Delaware ex rel. Thiele* v. *Cities Service Co., supra,* 22 A. L. R. 8, and exhaustive note beginning on page 24; 4 Fletcher's Cyclopedia Corporations, p. 4090; 14 C. J. 857.

We are not unmindful that in *Davidson* v. *Alameda Mines Co.,* 66 Or. 412 (134 Pac. 782, 48 L. R. A. (N. S.) 847), it was said that a stockholder in order to be entitled to a writ of *mandamus* to compel an inspection of the corporate books ''must show that he requests such examination for some just purpose or to prevent some injury which he might sustain if not permitted to inspect them. The *return* herein does not make any averment as to the necessity for an examination of the books, and hence *mandamus* will not issue on that ground.'' This statement of the rule of practice is in conflict with the overwhelming weight of authority and the better reasoned cases, and may be considered as expressly overruled.

3. What we have heretofore said pertains to the legal right of inspection. We now pass to the question as to whether the relator is entitled to the extraordinary remedy of *mandamus* to enforce such statu-

119 Or.—4.

tory right, regardless of his motives or purposes. If it be shown by the pleadings that he is entitled to such right of inspection, does it follow as a matter of course that a peremptory writ shall issue, or does it rest within the sound legal discretion of the court? On this question the authorities are in conflict. See cases collated in valuable note, 22 A. L. R. 43. We believe, however, in keeping with the decided weight of authority, that because relator has a strict legal right to an examination of defendant company's books and records, it does not follow that he can resort to *mandamus* if he has an unlawful or wrongful purpose. As stated in *State ex rel.* v. *Funk,* 105 Or. 134 (209 Pac. 113, 25 A. L. R. 625):

"*Mandamus* is an extraordinary remedy. It is said to be the highest judicial writ known to our Constitution and law. It is not a writ of right. Its issuance is a matter of discretion. It issues to remedy a wrong, not to promote one, and will not be granted in aid of those who do not come into court with clean hands," citing *United States* v. *Fisher,* 222 U. S. 204 (56 L. Ed. 165, 32 Sup. Ct. Rep. 37, see, also, Rose's U. S. Notes).

If it be established by pleadings or proof that a stockholder in desiring an inspection has a sinister design or an ulterior motive which may result in injury to the corporation, we think a court, in the exercise of its discretion, should not aid him. What if a stockholder requested an inspection for the purpose of ascertaining certain trade secrets of the corporation in order to divulge the information to its competitor? Would it then be contended that a writ should issue as a matter of course? A stockholder's right, as such, should be zealously guarded, but when, under the guise of this statutory right, he acts in such manner as to be detrimental to the interests of other

stockholders vitally interested, the extraordinary remedy of *mandamus* should be denied. Courts should never allow the statute to be used for the purpose of perpetrating a wrong or a fraud: *Furst* v. *W. T. Raleigh Medical Co.*, 282 Ill. 366 (118 N. E. 763); *Lien* v. *Savings, Loan & T. Co.*, 43 N. D. 260 (174 N. W. 621); *Dreyfuss* v. *Benson* (Tex. Civ. App.), 239 S. W. 347; *Foster* v. *White*, 86 Ala. 467 (6 South. 88); *Drennan* v. *Central National Fire Ins. Co. et al.*, 200 Iowa, 931 (205 N. W. 735); *Shea* v. *Sweetser, supra; State ex. rel. Holmes* v. *Doe Run Lead Co. et al., supra; American Mortgage Co.* v. *Rosenbaum, supra; State of Delaware ex rel. Thiele* v. *Cities Service Co., supra.*

4. Relator is presumed to have acted in good faith and it was incumbent upon defendants to allege and prove by a preponderance of the evidence that he desired an inspection for a wrongful or unlawful purpose: 4 Fletcher's Cyclopedia Corporations, p. 4103. In *State ex rel. Middlesex Banking Co., supra,* the court had under consideration a similar statute giving the stockholder an absolute right of inspection and it was there stated:

"But this conclusion as to the strict legal right of the relator is not of itself sufficient to entitle him to the judgment which he seeks in these *mandamus* proceedings. In such proceedings the writ is not issued as a matter of right, but in the exercise of a judicial discretion which takes into account other considerations than the legal right of the relator: *Chesebro* v. *Babcock*, 59 Conn. 213, 217 (22 Atl. 145); *Williams, State's Attorney,* v. *New Haven*, 68 Conn. 263 (36 Atl. 61); *Union Pacific R. Co.* v. *Hall*, 91 U. S. 343, 356 [23 L. Ed. 428]. 'The writ of *mandamus* is not always demandable as an absolute right, and whether it shall be granted or not frequently

rests in the discretion of the court. * * The writ will be granted to prevent a failure of justice, but never to promote manifest injustice. It is a remedial process and may be issued to remedy a wrong, not to promote one, to compel the discharge of a duty which ought to be performed, but not to compel the performance of an act·which will work a public or private mischief, or to compel a compliance with the strict letter of the law in disregard of its spirit or in aid of a palpable fraud. The relator must come into court with clean hands.' *People ex rel. Wood* v. *Assessors of Brooklyn,* 137 N. Y. 201, 204 (33 N. E. 145). It will not be issued to accomplish a wrong, or in aid of illegitimate or unlawful action. * * It will not be issued where it will work an inequity to him against whom it is sought. * * The application must be made in good faith and not to serve an ulterior or improper purpose * * . The object of the writ is to promote the ends which are consummate with right and justice.''

*Kimball* v. *Dern,* 39 Utah, 181 (116 Pac. 28, Ann. Cas. 1913E, 166, 35 L. R. A. (N. S.) 134), is cited by respondent, but the force and effect of this decision upon the question at bar is largely destroyed by reason of the later case of *Goddard* v. *General Reduction & Chemical Co.,* 57 Utah, 180 (193 Pac. 1103), wherein the court, in referring to its former holding, said:

''We are not inclined to give this language further effect than is warranted by the facts in that case. In that case the facts did not justify a denial of the right, and therefore the conclusion reached by the court was correct. But that there may be conditions and circumstances which would justify the corporation in refusing to permit an inspection is clearly recognized in *Clawson* v. *Clayton,* 33 Utah, 266 (93 Pac. 729), and by practically all of the authorities cited by defendants. * * ''

5, 6. Relator having sought the remedy of *mandamus*, it was proper for the defendants in their return to the alternative writ to allege that he desired an examination of the corporation books and records for a wrongful and unlawful purpose, specifically setting forth the facts as a basis for such conclusion. It is a defense addressed to the discretion of the court, relative to the matter of issuing the writ. Since the learned trial court saw fit so to act, we are called upon to say whether there was an abuse of its discretion in that regard. No evidence was offered. We can only look to the pleadings. Furthermore, the legal effect of the motion for judgment on the pleadings is to admit the truth of the material allegations of defendants' answer. The question therefore is: Do the facts alleged—conceding them to be true— establish that the court abused its discretion in granting relator a peremptory writ to enforce his statutory right to examine the books and records of a corporation in which he owned stock of the par value of $4,500? We answer, No. The amended answer abounds in generalities and conclusions, but does not state sufficient facts to warrant the conclusion that the purpose of relator's inspection was wrongful or unlawful. It is averred that the inspection is sought for the purpose of seeking information on which to base "unfounded and groundless actions and suits." We apprehend that a stockholder has a right to make such inspection even though it is for the purpose of bringing an action or suit against the corporation. That there is no basis for such contemplated action is merely the conclusion of defendants. It is further alleged that this inspection is sought to obtain the names of the stockholders of the corporation in pursuance of a certain scheme and conspiracy to defraud

the defendant company and its stockholders. We are unable, however, to see from the pleadings how this may be accomplished. The averment that certain false and fraudulent representations in the past have been made to stockholders has no materiality, in our opinion, so far as establishing that the present inspection is desired for a wrongful or unlawful purpose.

Since there was no issue of fact to be tried, the court properly allowed relator's motion for judgment on the pleadings. It follows that the writ is sustained.                                          AFFIRMED.

McBRIDE, C. J., and BEAN and BROWN, JJ., concur.

---

Rehearing denied July 29, 1926.

ON PETITION FOR REHEARING.

(248 Pac. 156.)

For the motion, *Messrs. Collier, Collier & Bernard.*

*Contra, Mr. W. P. La Roche, Mr. L. E. Crouch* and *Mr. J. F. Reilly.*

BELT, J.—7. In a petition for rehearing, our attention is directed for the first time that motion for judgment on the pleadings became *functus officio* for the reason that an amended answer had been filed after the filing of the motion and before argument or ruling was had thereon. It was stipulated that the reply to the original answer should be considered as a reply to the amended answer. Counsel then proceeded to argue the motion for judgment on the pleadings, without suggesting to the trial court that it had ceased to be a part of the record. We believe it was the intention of counsel to consider the motion as ap-

plicable to the pleadings after amended answer had been filed. The point has been waived.

We appreciate that counsel may have been misled by the rule of practice announced in *Davidson* v. *Almeda Mines Co.*, 66 Or. 412 (134 Pac. 782) 48 L. R. A. (N. S.) 847), which in the instant cause has been expressly overruled, but do not for that reason think it advisable longer to adhere to a rule of practice which is unquestionably wrong.

As stated in our former opinion, the granting of this writ was a matter of discretion, and it was incumbent upon appellant to show an abuse thereof. After an examination of the facts as alleged in the pleadings, we cannot say that appellant has sustained his contention in that respect.

Petition for rehearing is denied.

REHEARING DENIED.