Argued at Pendleton October 30; affirmed December 31, 1934

RALSTON *v.* GRANDE RONDE HOSPITAL

(39 P. (2d) 362)

*E. R. Ringo,* of La Grande, for appellant.

*S. H. Burleigh,* of La Grande, and *A. A. Smith,* of Baker (Burleigh & Burleigh, of La Grande, and Heil-

ner, Smith, Grant & Fuchs, of Baker, on the brief), for respondents.

RAND, C. J. This is a proceeding in mandamus to compel the defendant to produce and allow an inspection by plaintiffs of its books and records. The defendant is a private corporation and is engaged in the operation of a hospital at La Grande, Oregon. It was organized wholly for the purposes of private emolument, and plaintiffs are stockholders thereof. The cause was tried by the Honorable J. W. Knowles, circuit judge, and resulted in a judgment for plaintiffs and the issuance of a peremptory writ. The defendant has appealed.

The court, in effect, found, among other things, that the total issued and outstanding capital stock of the defendant company consisted of thirteen shares of the par value of $1,000 per share; that the plaintiff, Dr. F. L. Ralston, is the owner of two shares and the plaintiff, Anna Kirby, as sole legatee under the will of her deceased husband, Dr. E. G. Kirby, who died on or about June 25, 1933, is also the owner of two shares, and that the remainder of the shares are owned by Dr. A. L. Richardson and Dr. G. L. Biggers, the former owning seven shares and the latter two shares; that the plaintiff Ralston became such stockholder on or about June 1, 1927, and Dr. E. G. Kirby on or about April 1, 1927; that, during all the time since plaintiffs acquired said stock, the hospital has been under the sole and exclusive management and control of Dr. A. L. Richardson; that he has received and disbursed all the corporate moneys and, with one exception, has wholly failed to make any report thereof to the stockholders; that prior to the commencement of this action the plaintiffs demanded that they be permitted to in-

spect and audit the books of the corporation, so as to protect their interests as stockholders, and said demand was refused, and that they have not been permitted to inspect or audit the books of the defendant.

The defendant assigns but one error upon this appeal, namely: That the court erred in entering a judgment for the plaintiffs, and, upon the argument, contended as a justification for its refusal that the plaintiffs, in making the demand for an inspection and audit of the books, were acting from some improper motive.

The evidence wholly fails to establish any improper motive upon their part, and the court found that they were not so acting but were acting for the protection of their own interests as stockholders and not otherwise.

■ It is well settled that the burden of proving that stockholders, who have made a demand for an inspection of the books of a corporation and have been refused, were acting from improper motives rests upon the defendant in the writ: *Bernert v. Multnomah Lbr. & Box Co.*, 119 Or. 44 (247 P. 155, 248 P. 156). The defendant having wholly failed to substantiate the charge, the same must be disregarded.

■■ It is also well settled that mandamus is the appropriate remedy to compel corporations to produce and allow an inspection of their books and records at the suit of a stockholder where a controversy exists in which such inspection is material to the stockholder's interests. That rule which existed at common law is preserved by the statute, section 25-216, Oregon Code 1930, which provides that the "stock book, or a certified copy thereof, * * * as well as all other books of the corporation necessary for carrying on its business, shall be subject to the inspection, at all reasonable hours of any person interested therein and applying

therefor''. The only limitation upon the right thus conferred is that the inspection shall be made during reasonable hours and by a person interested therein. A stockholder is such person.

■ That the findings of the court are amply sustained by the evidence is apparent from a careful reading of the testimony. It appears therefrom that since 1927 at all times the defendant company has been under the sole control and management of Dr. A. L. Richardson, and that during all said time there has never been a stockholders' meeting nor a directors' meeting. So far as the record shows, there are no board of directors and no regularly elected officers. The property of the corporation is of large value and there has been no accounting made for any moneys received or for any disbursements made. Under these circumstances, the plaintiffs were entitled to the relief granted. The judgment, therefore, is affirmed.

BAILEY and ROSSMAN, JJ., not sitting.