Analee **YORKSHIRE**, Plaintiff,

v.

**INTERNAL REVENUE SERVICE,**
**Defendant,**

**S & P Company, Intervenor.**

**No. CV 92–6153–MRP (Ex).**

United States District Court,
C.D. California.

June 7, 1993.

Michael C. Cohen, Los Angeles, CA, for Analee Yorkshire.

R. Scott Clarke, Washington, DC, for I.R.S.

Thomas M. Peterson, San Francisco, CA, for S & P Co.

## ORDER ADOPTING RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE AND GRANTING CERTAIN RELIEF.

PFAELZER, District Judge.

Pursuant to 28 U.S.C. § 636, the Court has reviewed the complaint and all other papers on file, along with the attached Report and Recommendation of United States Magistrate Judge.

IT IS ORDERED that: (1) the Report and Recommendation of the Magistrate Judge is approved; and (2) the same is adopted as the findings of fact and conclusions of law herein; and (3) the parties shall proceed as follows:

(a) Within ten (10) days after entry of this order, Defendant shall provide Plaintiff with S & P Company's consolidated tax returns for the years 1987 through 1990;

(b) Within forty-five (45) days after expiration of this ten day period, Defendant shall process any nonexempt portions of the administrative file pertaining to S & P Company's consolidated tax returns for the years 1987 through 1990;

(c) Thereafter, upon submission of an affidavit executed by Plaintiff verifying Plaintiff's continuing status as a one percent shareholder of Keller Street Development Company, Defendant immediately shall release the nonexempt portions to Plaintiff;

(d) Thereafter, Plaintiff and Defendant shall confer to determine whether Plaintiff seeks access to any documents or portions of documents for which Defendant may claim an exemption; and, if so, whether an itemized index of documents will be required to adjudicate any exemption claims;

(e) Thereafter, if Plaintiff seeks access to any material claimed by Defendant to be exempt and requests an index of documents, within thirty (30) days Defendant shall produce an index which substantially comports with the requirements set forth in *Wiener v. Federal Bureau of Investigation*, 943 F.2d 972 (9th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 3013, 120 L.Ed.2d 886 (1992); and

(f) The time for filing summary judgment motions for resolution of any possible exemption claims shall be extended from the current deadline of June 22, 1993 until December 22, 1993.

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

CHARLES F. EICK, United States Magistrate Judge.

This Report and Recommendation is submitted to the Honorable Mariana R. Pfaelzer, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 194 of the United States District Court for the Central District of California.

## PROCEEDINGS

After exhausting administrative remedies, Plaintiff filed a Freedom of Information Act complaint against Defendant Internal Revenue Service ("IRS"). Plaintiff seeks to compel the IRS to disclose to Plaintiff: (1) the income tax returns of S & P Company for the years 1987 through 1990; and (2) the 1989 income tax return of the Pearl–Falstaff joint participation ("Pearl–Falstaff"). Defendant IRS and Intervenor S & P Company ("S & P") have answered the complaint.

All parties have moved for total or partial summary judgment. Following briefing, the Court heard oral argument on May 13, 1993.

## UNCONTROVERTED FACTS

Plaintiff owns 1.07% of the outstanding shares of Keller Street Development Company ("Keller"). Plaintiff inherited these shares upon her mother's death in 1981.

S & P owns approximately 95% of the stock of Keller. Keller owns approximately 99% of the stock of General Brewing Company. General Brewing Company owns 45% of the stock of Pearl Brewing Company ("Pearl"). S & P owns the other 55% of the stock of Pearl. Pearl owns, either directly or through its wholly owned subsidiary Pearl Container Company, approximately 95% of Pearl–Falstaff. Pearl–Falstaff was a partnership between S & P subsidiaries Pearl and Falstaff Brewing Corporation.

S & P, Keller, General Brewing Company, Pearl and Pearl Container Company filed consolidated federal income tax returns for the years 1987 through 1990 ("the consolidated returns"). Pearl–Falstaff filed a federal income tax return for 1989 ("the partnership return").

Plaintiff previously filed suit against Keller in state court. In this state action, Plaintiff seeks to compel the dissolution of Keller, alleging various abusive practices by the management of Keller and S & P.

## BACKGROUND AND SUMMARY OF PARTIES' CONTENTIONS

Section 6103 of Title 26 ("section 6103") "governs the confidentiality and disclosure of tax returns and return information. It provides that returns and return information may not be disclosed except as authorized by

title 26." *Martin v. IRS*, 857 F.2d 722, 724 (10th Cir.1988). Section 6103 states in pertinent part:

"(e)(1) The return of a person shall, upon written request, be open to inspection by or disclosure to ...

(C) in the case of the return of a partnership, any person who was a member of such partnership during any part of the period covered by the return;

(D) in the case of the return of a corporation or a subsidiary thereof ... (iii) any bona fide shareholder of record owning 1 percent or more of the outstanding shares of such corporation ..."

Plaintiff contends section 6103 requires disclosure to her of the consolidated returns and the partnership return.[1] The IRS does not oppose disclosure of the consolidated returns, but does oppose disclosure of the partnership return. S & P opposes disclosure of any part of the consolidated returns or the partnership return.

## APPLICABLE STANDARD

■ The Court must render summary judgment if "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked ... the court ... shall if practicable ... make an order specifying the facts that appear without substantial controversy, and directing such further proceedings in the action as are just." Fed.R.Civ.P. 56(d).

■ An issue is "genuine" only if there is a sufficient evidentiary basis on which a reasonable jury could find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986). A factual dispute is "material" only if it might affect the outcome of the suit under governing law. *Id.* at 248, 106 S.Ct. at 2510. Inferences to be drawn from the underlying facts must be viewed in

the light most favorable to the nonmoving party. *Matsushita Electric Industries Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1357, 89 L.Ed.2d 538 (1986).

## DISCUSSION

**I. *Section 6103 Requires Disclosure to Plaintiff of the Consolidated Returns.***

■ Plaintiff is a "bona fide shareholder of record owning 1 percent or more of the outstanding shares" of Keller. 26 U.S.C. § 6103(e)(1)(D)(iii). She inherited these shares more than ten years ago; she did not acquire these shares as a ruse to gain access to Keller's tax information.

S & P argues vaguely that Plaintiff is not a bona fide shareholder because she seeks the tax return information for an "improper purpose." It is unclear whether section 6103 requires examination of the purpose for which disclosure is sought. One court has held that the bona fide shareholder provision in section 6103 "is consistent with and reflects the common law right of a stockholder to inspect corporate records ...". *Kirk v. First National Bank*, 76–2 U.S. Tax Cas. (CCH) ¶ 9639, 1976 WL 1111 (N.D.Ga.1976). Some courts at common law abridged a shareholder's right to inspect corporate records where the shareholder sought inspection for an improper purpose. *See generally*, 15 A.L.R.2d 11, *et seq.* However, some courts also have held that, where a shareholder's right to inspect corporate records is provided by statute, the right is absolute, regardless of the purpose of the inspection. *See, e.g., Bernert v. Multnomah Lumber & Box Co.*, 119 Or. 44, 247 P. 155, 156 (1926); *Webster v. Bartlett Estate Co.*, 35 Cal.App. 283, 169 P. 702, 704 (1917); *Kimball v. Dern*, 39 Utah 181, 116 P. 28, 30–33 (1911).

This Court assumes, *arguendo*, that demonstration of an "improper purpose" would bar Plaintiff from the relief she seeks. However, there is no evidence Plaintiff seeks disclosure of the tax information for an improper purpose. At common law, sharehold-

---

1. Plaintiff's actual F.O.I.A. requests sought more than the returns. The requests sought the administrative files pertaining to the returns. The IRS and Plaintiff have agreed that the IRS may

reserve its right to claim exemptions for portions of the administrative files other than the returns ("Stipulation, etc.," filed April 13, 1993).

ers were entitled to inspect corporate books and records "though their only object [was] to ascertain whether their affairs [had] been properly conducted by the directors or managers." *Guthrie v. Harkness,* 199 U.S. 148, 154, 26 S.Ct. 4, 6, 50 L.Ed. 130 (1905) (citations and quotations omitted); *accord Taylor v. Eden Cemetery Co.,* 337 Pa. 203, 10 A.2d 573 (1940). Even proof that Plaintiff intends to use the subject information to the detriment of S & P or Keller in the pending state action would not establish an improper purpose. *See, e.g., Bernert v. Multnomah Lumber & Box Co.,* 119 Or. 44, 247 P. 155, 157–58, 248 P. 156 (1926); *Kimball v. Dern,* 39 Utah 181, 116 P. 28, 33–34 (1911); *see also Osmond v. Sanitary Co.,* 21 Pa. D & C 24 (1934).

S & P argues that, even if Plaintiff ordinarily would be entitled to see Keller's tax returns, the commingling of Keller's tax information with the tax information of S & P and other related entities precludes Plaintiff from seeing any part of the consolidated returns.[2] This argument finds no support in statute, case law or probable congressional intent.

Section 6103 expressly states that a 1% shareholder of a corporation is entitled to disclosure of the corporation's tax return. The statute does not state that a 1% shareholder of a corporation is entitled to disclosure of the corporation's tax return, except when the corporation files a consolidated return.

No published decision specifically addresses the disclosure or non-disclosure of consolidated returns under section 6103. However, it appears improbable Congress intended to empower a corporation to secrete its tax information from bona fide shareholders merely by filing a consolidated return. *See generally In re Southwest Aircraft Services, Inc.,* 831 F.2d 848, 852–53 (9th Cir.1987), *cert. denied,* 487 U.S. 1206, 108 S.Ct. 2848, 101 L.Ed.2d 885 (1988) (courts should interpret ambiguous statutes to avoid reaching absurd or inequitable results). The IRS' "Disclosure of Official Information Hand-

book" buttresses this Court's interpretation of section 6103:

"If a corporation has filed a consolidated return which includes the return of the subsidiary, the entire return and return information is the return or return information of the subsidiary." Disclosure of Official Information Handbook, § 240(1)(e)(2).

■ S & P argues Plaintiff can obtain or has obtained the information contained in the consolidated returns through alternative means. In F.O.I.A. actions, courts need not examine whether the information sought is available through alternative means. *See Department of Justice v. Tax Analysts,* 492 U.S. 136, 151–55, 109 S.Ct. 2841, 2850–53, 106 L.Ed.2d 112 (1989) (public availability of information sought by F.O.I.A. request is irrelevant).

■ S & P argues section 6103 violates S & P's federal constitutional right of privacy. The federal constitutional right of privacy is extremely narrow. The right is limited to those personal rights which are "fundamental" or "implicit in the concept of ordered liberty." *Paul v. Davis,* 424 U.S. 693, 712–13, 96 S.Ct. 1155, 1166, 47 L.Ed.2d 405 (1976); *see also Roe v. Wade,* 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973). A parent corporation's interest in the confidentiality of a consolidated tax return does not implicate the federal constitutional right of privacy.

■ S & P argues section 6103 violates the right of privacy recognized in the California Constitution. The Supremacy Clause dooms this argument to failure. *See Gregory v. Ashcroft,* —— U.S. ——, ——, 111 S.Ct. 2395, 2400, 115 L.Ed.2d 410 (1991) ("As long as it is acting within the powers granted it under the [federal] Constitution, Congress may impose its will on the States"); *Tenneco, Inc. v. Sutton,* 530 F.Supp. 411, 433 (M.D.La. 1981) (articles of a state constitution "which interfere with, or are contrary to the laws of Congress, made in pursuance of the [federal]

---

**2.** No evidence suggests Keller's tax information could be excised from the consolidated returns. By their nature, consolidated returns combine and commingle transactional and other financial information relating to all of the entities for which the returns are filed.

constitution are invalid under the Supremacy Clause").

## II. *Section 6103 Forbids Disclosure to Plaintiff of the Partnership Return.*

Section 6103 authorizes disclosure of partnership returns to partners. 26 U.S.C. § 6103(e)(1)(C). Plaintiff is not now, and never has been, a partner in the Pearl–Falstaff partnership.

Contrary to Plaintiff's arguments, the partnership return was neither a "supplement" to or "data received" "with respect to" the consolidated returns. *See* 26 U.S.C. § 6103(b)(1) and (2). Partnerships are distinct entities, required to file separate returns. 26 C.F.R. § 1.6031–1. The fact that tax information concerning S & P or related entities may have been reflected in or affected by tax information in the partnership return is irrelevant.

"[W]e agree with the IRS that the mere fact that information supplied by one person may affect the tax liability of another is insufficient to give the second the right to see that information. ... It is frequently the case that one transaction is reflected in many tax returns." *Martin v. IRS*, 857 F.2d 722, 726 (10th Cir.1988).

"The ultimate issue under section 6103(e), is not what the disputed document shows regarding plaintiff's connection with, or general interest in, certain entities, but whether plaintiff was in fact ... a member of a particular partnership ...". *Britt v. IRS*, 79–2 U.S. Tax Cas. (CCH) ¶ 9450, 1979 WL 1400 (D.D.C.1979).

### RECOMMENDATION

For all of the foregoing reasons, IT IS RECOMMENDED that the Court issue an Order: (1) approving and adopting this Report and Recommendation; and (2) granting relief consistent with this Report and Recommendation.

DATED: May 19, 1993.