**Analee YORKSHIRE, Plaintiff–Appellee,**

v.

**UNITED STATES INTERNAL REVENUE SERVICE, Defendant–Appellee,**

v.

**S & P COMPANY, Intervenor–Appellant.**

**Analee YORKSHIRE, Plaintiff–Appellant,**

v.

**UNITED STATES INTERNAL REVENUE SERVICE, Defendant–Appellee,**

v.

**S & P COMPANY, Intervenor–Appellee.**

Nos. 93–55835, 93–55932.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 2, 1994.

Decided June 8, 1994.

Michael C. Cohen, Los Angeles, CA, for plaintiff-appellee-appellant.

Kevin M. Brown, Washington, DC, for defendant-appellee.

Thomas M. Peterson, San Francisco, CA, for intervenor-appellant-appellee.

Before: TANG, PREGERSON, and NOONAN, Circuit Judges.

Opinion by Judge TANG.

TANG, Senior Circuit Judge:

Analee Yorkshire as a more than one percent Keller shareholder sought disclosure of Keller Street Development Company's consolidated tax returns for the years 1987 through 1990 under the Freedom of Information Act, 5 U.S.C. § 552. She also requested disclosure of the 1989 tax return of Pearl–Falstaff Joint Participation Partnership, a partnership owned by separate subsidiaries of the S & P Company, Keller's parent corporation.

S & P Company appeals the district court's order of disclosure of Keller's consolidated tax returns for the years 1987 through 1990. Yorkshire appeals the district court's order enjoining the Internal Revenue Service from disclosing the 1989 tax return of Pearl–Falstaff. Yorkshire also appeals the magistrate judge's order granting S & P leave to intervene. We have jurisdiction under either 28 U.S.C. § 1291 or 28 U.S.C. § 1292(a)(1) and affirm.

## BACKGROUND

S & P, Keller, General Brewing Company, Pearl Brewing Company, and Pearl Container Company are all members of the same affiliated group and filed consolidated tax returns for the years 1987 through 1990.[1] Yorkshire sought disclosure of Keller's con-

---

1. S & P, the mutual parent of the affiliated group, owns approximately ninety-five percent of the stock of Keller. Yorkshire owns slightly more than one percent of Keller. Keller owns approximately ninety-nine percent of the stock of General Brewing. General Brewing owns approximately forty-five percent of the stock of Pearl Brewing. S & P owns the other fifty-five percent of Pearl Brewing.

solidated tax returns for the years 1987 through 1990, and also of the 1989 tax return of Pearl–Falstaff, a partnership owned by S & P subsidiaries Pearl Brewing and Falstaff Brewing Corporation.[2] She sought disclosure of the tax returns for use in an ongoing state court action in which she is seeking the dissolution of Keller.

The I.R.S. refused to disclose the tax returns to Yorkshire. Thereafter, Yorkshire filed a complaint in federal district court under the Freedom of Information Act, 5 U.S.C. § 552, seeking an injunction to compel disclosure. The complaint was premised on Yorkshire's statutory right as a more than one percent Keller shareholder to disclosure of Keller's consolidated tax returns under I.R.C. § 6103(e)(1)(D)(iii). S & P sought leave to intervene to protect its interest in the confidentiality of those consolidated tax returns. The magistrate judge granted S & P leave to intervene. Yorkshire did not object to the magistrate judge's order.

All parties involved filed motions for summary judgment. Yorkshire argued that she was entitled to disclosure of all of the relevant tax returns, S & P argued that Yorkshire was entitled to disclosure of none of the tax returns, and the I.R.S. opposed only the disclosure of the Pearl–Falstaff tax return. The magistrate judge concluded that Yorkshire was entitled to disclosure of Keller's consolidated tax returns for the years 1987 through 1990 but not to disclosure of the 1989 tax return of Pearl–Falstaff. Both Yorkshire and S & P objected timely to the magistrate judge's report and recommendation.

The district court granted Yorkshire's motion for summary judgment as to Keller's tax returns and ordered their disclosure. The district court also granted S & P's and the I.R.S.'s motion for summary judgment as to the Pearl–Falstaff tax return and enjoined the I.R.S. from its disclosure. The district court's final order adopted the magistrate judge's report and recommendation in its entirety, 829 F.Supp. 1198.

## DISCUSSION

### I. S & P's Intervention [3]

■■■ Federal Rule of Civil Procedure 24(a) establishes four requirements for intervention as of right: "timeliness; an interest relating to the subject of the action; practical impairment of the party's ability to protect that interest; and inadequate representation by the parties to the suit." *United States v. Oregon*, 913 F.2d 576, 587 (9th Cir.1990), *cert. denied*, 501 U.S. 1250, 111 S.Ct. 2889, 115 L.Ed.2d 1054 (1991). The rule is construed broadly in favor of the applicants. *Id.* A district court's decision concerning intervention as of right is reviewed de novo, except the question of timeliness which is reviewed for an abuse of discretion. *Id.*

Yorkshire's argument against intervention as of right focuses primarily on S & P's lack of interest in Keller's consolidated tax returns. Yorkshire argues that because the I.R.S. could have disclosed Keller's consolidated tax returns to her at the administrative level without ever notifying Keller, S & P or any other member of the affiliated group,

---

**2.** Pearl Brewing owns, either directly or through its wholly owned subsidiary Pearl Container, approximately ninety-five percent of Pearl–Falstaff. Falstaff Brewing owns the remaining five percent of Pearl–Falstaff.

**3.** As a preliminary matter, S & P argues that Yorkshire waived her right to appeal the magistrate judge's nondispositive order allowing S & P to intervene when she failed to make objections within ten days after being served with a copy of the order. See Fed.R.Civ.P. 72(a) ("Within 10 days of being served with a copy of the magistrate's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate's order to which objection was not timely made."). Our case law appears to be in conflict on this point.

*Compare U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1102–03 (9th Cir.1985) (holding that a party who fails to object to a magistrate judge's nondispositive order does *not* waive the right to appeal the order); *United States v. Bogard*, 846 F.2d 563, 567 n. 2 (9th Cir.1988) (same) *with McKeever v. Block*, 932 F.2d 795, 798–99 (9th Cir.1991) (holding that a party who fails to object to a magistrate judge's nondispositive order waives the right to appeal the order); *Palmer v. United States*, 794 F.2d 534, 540 (9th Cir.1986) (same). However, we need not resolve this conflict. Even if Yorkshire did not waive her right to appeal the magistrate judge's order, the district court properly allowed S & P to intervene.

Congress must have intended a completely bilateral procedure between the person requesting the information and the I.R.S. Yorkshire's argument is unpersuasive.

■■■ It is not a requirement of intervention that the intervenor be entitled to notice in the case in which he or she is seeking to intervene. Moreover, to argue that a taxpayer has no interest in the confidentiality of his or her own tax return contradicts I.R.C. § 6103(a)'s presumption that tax returns and tax return information remain confidential. Because S & P and Keller filed consolidated tax returns, disclosure of Keller's tax returns in effect discloses S & P's tax returns. But for the consolidated tax returns, Yorkshire would have no right to disclosure of S & P's tax returns. Under these circumstances, S & P's interest in the confidentiality of its own tax returns is a sufficient interest for intervention as of right.

Furthermore, because the I.R.S., the only named defendant, did not oppose disclosure of Keller's consolidated tax returns, S & P's interest in the confidentiality of those tax returns was not adequately represented by the parties to the suit. Clearly, except for intervention, there was no practical alternative avenue for S & P to protect its interest.

Finally, there is no dispute as to the timeliness of S & P's motion for intervention. S & P filed its motion well before the date set for the end of discovery and before the district court ruled on Yorkshire's motion for summary judgment. Yorkshire has not established that she was prejudiced by S & P's intervention.

As such, we conclude that the magistrate judge did not err in granting S & P leave to intervene as it met all four requirements for intervention as of right under Federal Rule of Civil Procedure 24(a). Accordingly, we need not address Yorkshire's argument that the scope of permissive intervention should have been restricted.[4]

## II. Disclosure of Keller's Consolidated Tax Returns

■■■ Whether Yorkshire is entitled to disclosure of Keller's consolidated tax returns under I.R.C. § 6103(e)(1)(D)(iii) is a question of statutory construction reviewed de novo. *See Williamson v. Commissioner,* 974 F.2d 1525, 1529 (9th Cir.1992).

Tax returns and tax return information are presumed to be confidential under I.R.C. § 6103(a). An exception to the presumption of confidentiality is I.R.C. § 6103(e)(1)(D)(iii), which provides:

> (e) Disclosure to persons having material interest.—
>
> (1) In general.—The return of a person shall, upon written request, be open to inspection by or disclosure to—
>
> (D) in the case of the return of a corporation or a subsidiary thereof—
>
> (iii) any bona fide shareholder of record owning 1 percent or more of the outstanding stock of such corporation.

Yorkshire was a more than one percent Keller shareholder. Under the plain language of § 6103(e)(1)(D)(iii), if Keller had filed separate tax returns, Yorkshire unquestionably would have been entitled to their disclosure. This conclusion is undisputed. However, Keller filed consolidated tax returns under I.R.C. § 1501 and not separate tax returns.

Under § 1501, an affiliated group of corporations is privileged to file a consolidated tax return in lieu of each corporation filing separate tax returns. I.R.C. § 1501. The consent of all the affiliated corporations is required before such a consolidated tax return may be filed. *Id.* The affiliated group must have a common parent corporation, and certain stock ownership requirements must be met. *Id.* § 1504. When filing a consolidated tax return, the tax is determined on a consolidated basis, and a single consolidated tax return is filed on behalf of all the members by the common parent corporation. *See* Treas.Reg. § 1.1502–75(h)(1). Whether a member of an affiliated group should elect to

---

4. Yorkshire also argues that under 28 U.S.C. § 1367, the court lacked jurisdiction over S & P's claim. Section 1367 codifies the doctrines of pendent and ancillary jurisdiction under the sin-gle heading of "supplemental jurisdiction." In this case, S & P does not make a pendent or ancillary claim, and § 1367 is therefore inapplicable.

file a consolidated tax return depends upon a variety of complex and competing factors. Boris I. Bittker & James S. Eustice, *Federal Taxation of Corporations and Shareholders* ¶ 15.23 (5th ed. 1987). The principal advantages of consolidation are the following:

> (1) Operating losses of an affiliate can be offset against profits of other members of the group; (2) certain intercorporate distributions can be received tax-free from other members of the group ...; and (3) gain or loss on certain intercompany transactions is deferred ... until realized outside the group or by virtue of certain triggering events.

*Id.*

Keller's choice to file consolidated tax returns for the years 1987 through 1990 creates a dilemma when applying § 6103; Yorkshire is entitled to disclosure of Keller's consolidated tax returns, but such disclosure also has the effect of disclosing the otherwise confidential tax returns of every other member of the affiliated group. S & P argues that this latter effect is unacceptable. It asserts that its right to tax return confidentiality trumps Yorkshire's right to disclosure of Keller's tax returns—that Yorkshire's right is nothing "more than a gratuitous accommodation by the government, of no importance to income reporting and revenue collection." We disagree.

Tax return confidentiality may be "grounded in the interest of the government in full disclosure of all the taxpayer's income which thereby maximizes revenue," *Federal Sav. & Loan Ins. Corp. v. Krueger*, 55 F.R.D. 512, 514 (N.D.Ill.1972), but this does not render a shareholder's right to receive disclosure of corporate tax returns a mere gratuity. Con-

gress meant to afford tax return disclosure to those with a material interest, and it specifically designated shareholders of more than one percent of a corporation as having such a material interest. *See* I.R.C. § 6103(e)(1)(D)(iii); *Crown Cork & Seal Co. v. Pennsylvania Human Relations Comm'n*, 463 F.Supp. 120, 122–23 (E.D.Pa.1979). S & P's bald-faced assertion that tax return confidentiality is the predominant policy underlying § 6103 is insufficient to strip Yorkshire of her right to disclosure of Keller's tax returns.

Simply put, S & P's decision to file consolidated tax returns was made for its own convenience and financial benefit, and Yorkshire's right to disclosure of Keller's tax return is not sacrificed thereby. Indeed, filing consolidated tax returns is a privilege that required the consent of S & P, Keller and the rest of the affiliated group. Accordingly, we affirm the district court's order of disclosure of Keller's consolidated tax returns for the years 1987 through 1990.

## III. Disclosure of the Pearl–Falstaff Tax Return

 Yorkshire argues that the district court erred in holding that she was not entitled to disclosure of the 1989 tax return of Pearl–Falstaff, a partnership owned by S & P subsidiaries Pearl Brewing and Falstaff Brewing. Yorkshire's argument is premised on her right as a one percent Keller shareholder to disclosure of the affiliated group's consolidated tax return. She claims that the Pearl–Falstaff tax return was "a supplement to" [5] or "return information of" [6] the affiliated group's consolidated tax return, and that as

---

5. Under I.R.C. § 6103(b)(1), a "return" is defined as:

> [A]ny tax or information return, declaration of estimated tax, or claim for refund required by ... the provisions of [the I.R.C.] which is filed with the [I.R.S.] by, on behalf, of or with respect to any person, *and any amendment or supplement thereto, including supporting schedules, attachments, or lists which are supplemental to, or part of, the return so filed.*

(Emphasis added).

6. Under I.R.C. § 6103(b)(2)(A), "return information" is defined as:

> [A] taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments, whether the tax payer's return was, is being, or will be examined or subject to other investigation or processing, *or any other data, recorded by, prepared by, furnished to, or collected by the [I.R.S.] with respect to a return....*

(Emphasis added).

such, she is entitled to its disclosure.[7] We disagree.

Every partnership is required to file a tax return for each taxable year. I.R.C. § 6031. A partnership's tax return "shall state specifically the items of partnership gross income and the deductions allowable by subtitle A of the code and shall include the names and addresses of all the partners and the amount of distributive share of income, gains, loss, deduction, or credit ... allocated to each partner." Treas.Reg. § 1.6031–1(a)(1). "[A]ny person who was a member of [a] partnership during any period covered by [a partnership's tax] return" is considered to have a "material interest" and is entitled to disclosure of the tax return. I.R.C. § 6103(e)(1)(C).

In this case, however, Yorkshire is simply a one percent Keller shareholder. Although Keller owns approximately ninety-nine percent of the stock of General Brewing, which owns, in turn, approximately forty-five percent of the stock of Pearl Brewing, this fact makes neither Yorkshire nor Keller a Pearl–Falstaff partner. See I.R.C. § 761(b). In fact, absent consolidation, Yorkshire would not be entitled to disclosure of the tax return of Pearl Brewing, see id. § 6103(e)(1)(D), much less the tax return of Falstaff Brewing, a corporation in which Keller owns no interest and which is not a member of the affiliated group. As such, Yorkshire does not possess a "material interest" in the Pearl–Falstaff tax return under § 6103(e) like that which we found dispositive when affirming the district court's order of disclosure of Keller's consolidated tax returns. Any interest Yorkshire possesses in the Pearl–Falstaff tax return is merely derivative of her status as a one percent Keller shareholder and does not entitle her to disclosure.

Yorkshire's attempt to avoid the necessity of having a "material interest" by characterizing the Pearl–Falstaff tax return as "a supplement to" or "return information of" the affiliated group's consolidated tax return is unpersuasive. Without a specific request under § 6103(e)(1)(C), a partnership is not even required to furnish its partners with a copy of the partnership's tax return. Rather, the partnership need only furnish its partners with a partnership statement stating:

> (i) *The partner's distributive share* of partnership income, gain, loss, deduction, or credit required to be shown on the partnership return ...; and

> (ii) To the extent provided by form or the accompanying instructions, *any additional information that may be required to apply particular provisions of subtitle A of the [I.R.C.] to the partner with respect to items related to the partner.*

Temp.Treas.Reg. § 1.6031(b)–1T(a)(3)(i), (ii) (emphasis added). It stands to reason that if Pearl–Falstaff's tax return is not necessary for the filing of its partner's individual tax returns, it is not "a supplement to" or "return information of" Keller's consolidated tax return. Therefore, we affirm the district court's order enjoining the I.R.S. from disclosing to Yorkshire the 1989 tax return of Pearl–Falstaff.

## CONCLUSION

The magistrate judge properly granted S & P leave to intervene under Federal Rule of Civil Procedure 24(a). Also, under I.R.C. § 6103, the district court properly ordered disclosure of Keller's consolidated tax returns for the years 1987 through 1990 to Yorkshire, and properly enjoined disclosure of the 1989 tax return of Pearl–Falstaff.

AFFIRMED.

---

7. Whether Yorkshire is entitled to disclosure of the Pearl–Falstaff tax return under I.R.C. § 6103 is a question of statutory construction reviewed de novo. *See Williamson,* 974 F.2d at 1529.